Citation Nr: 1448526 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-07 778 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for a right ankle disability.

2. Entitlement to service connection for left ankle chronic tendinitis.

3. Entitlement to service connection for a right hip disability.


REPRESENTATION

Appellant represented by: Georgia Department of Veterans Services


ATTORNEY FOR THE BOARD

M. Caylor, Associate Counsel

INTRODUCTION

The Veteran had active military service from June 2002 to December 2005.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from March 2007 (right hip) and February 2008 (left and right ankles) rating decisions by the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. Jurisdiction was subsequently transferred to the RO in Atlanta, Georgia. 

The Board previously remanded this case in February 2014 for additional development. 

The Board has reviewed the Veterans Benefits Management System (VBMS) and Virtual VA claims files.

The issue of entitlement to service connection for bilateral shin splints has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). See 38 C.F.R. § 3.380 (2014). The Board lacks jurisdiction over the issue and refers it to the AOJ for appropriate action. 


FINDING OF FACT

The Veteran does not have a right hip, right ankle, or left ankle disability that had its onset in service or was etiologically related to an in-service injury, event, or disease, or proximately due to or aggravated by service-connected disability.


CONCLUSION OF LAW

The criteria for entitlement to service connection for a right hip disability, left ankle chronic tendonitis, and a right ankle disability have not been met. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2014).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Procedural Duties

VA satisfied its duty to notify the Veteran pursuant to the Veterans Claims Assistance Act of 2000 (VCAA). 38 U.S.C.A. §§5100, 5102-5103A, 5106, 5107, 5126 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2014). VA provided the required notice in November 2006 and December 2007. 

VA also satisfied its duty to assist the Veteran in the development of her claim. 

First, VA satisfied its duty to seek relevant records. The RO associated the Veteran's service treatment records (STRs), service personnel records (SPRs), and VA treatment records with the claims file. As the Veteran has not identified any other evidence not already of record, the Board concludes VA has made every reasonable effort to obtain all relevant records.

Second, VA satisfied its duty obtain a medical examination or opinion when required. VA provided the Veteran several examinations regarding her right hip, left ankle, and right ankle claims. The November 2010, February 2014, and August 2014 examinations and opinions are adequate, as the examiners considered the relevant history of her symptoms, provided sufficiently detailed descriptions of any disability, and included clear conclusions. Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr v. Nicholson, 21 Vet. App. 303, 311-12 (2007) (holding that once VA undertakes the effort to provide an examination when developing a claim, even if not statutorily obligated to do so, VA must ensure that the examination provided is adequate). While the November 2010 VA examiner did not examine or provide an etiological opinion regarding the left ankle, the opinions regarding the right hip and right ankle are adequate and, moreover, the Veteran will not be prejudiced, as the February 2014 and August 2014 VA examiners provided opinions regarding the nature and etiology of any left ankle disability.

Consequently, no further action is needed to comply with 38 U.S.C.A. § 5103(a), § 5103A, or 38 C.F.R. § 3.159, and he will not be prejudiced by the adjudication of her claim. See Bernard v. Brown, 4 Vet. App. 384 (1993).

II. Merits of the Claim

The Veteran contends that she has a right hip disability that had its onset in 2003 while running in formation during physical training at boot camp and left ankle chronic tendonitis and a right ankle disability that began in 2002 during 12.5-mile march with a rucksack and weapon during basic training, after straining her ankle or ankles on numerous occasions during field exercises, or after rolling her right ankle jumping off of a water purification unit. See August 2008 Statement; November 2010 VA Joints Examination; February 2014 Ankle and Hip Examination.

To prevail on a direct service connection claim, there must be competent medical or, in certain circumstances, lay evidence of (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a nexus between the in-service disease or injury and the current disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

The record does not appear to contain competent, credible, and probative evidence that the Veteran ever had a right hip diagnosis at the time of or after filing her August 2006 or a right or left ankle diagnosis at the time of or after filing her November 2007 claim. While the January 2008 VA general examiner indicated that the Veteran had diagnoses of chronic tendonitis of the iliopsoas tendon of the right hip and chronic tendonitis of the bilateral ankles, the Board gives more probative weight to November 2010, February 2014, and August 2014 VA examinations and VA treatment records, all of which reveal that, after reporting her relevant symptoms and medical history and being physically examined, the Veteran was not diagnosed with a right hip or right or left ankle disabilities. See November 2010 VA Examination (diagnosing the Veteran with a history of right trochanteric bursitis and a history of right ankle strain and noting that x-rays of the right hip and bilateral ankles were negative); February 2014 VA Ankle Examination (finding the Veteran did not have and had never had an ankle diagnosis); February VA Hip Examination (noting that no VA or other treatment records evidence a hip problem and finding that the Veteran was unable to bear weight solely on her right leg due to workplace injuries including a 2012 right tibial fracture and a 2013 right knee surgery); October 2013 VA Treatment Records (diagnosing the Veteran with plantar fasciitis, sacroiliac joint tenderness, and low back pain or lumbar strain after reports of random pinching pain shooting from the spine to the hips and thighs, more on the right than the left, and a finding of decreased range of motion on eversion of the left ankle); August 2014 VA Examination (providing no specific diagnosis of a right hip or right or left ankle disability). 

While the November 2010, February 2014, and August 2014 VA examiners did not specifically discuss the January 2008 VA examiner's diagnoses, the Board reasonably infers from the indications of the November 2010 and February 2014 VA examiners that the Veteran's claims file was reviewed and the specific instruction to the August 2014 VA examiner to consider the January 2008 VA general examiner's diagnoses that November 2010, February 2014, and August 2014 VA examiners considered the January 2008 VA examiner's diagnoses during their evaluation of the evidence. Further, the Board notes that isolated findings or a diagnosis including the word "chronic" do not establish chronicity. See 38 C.F.R. §§ 3.303(b), 3.307.

Moreover, the Board notes that the record lacks competent evidence that the Veteran's current symptoms are etiologically related to her reported in-service symptoms. The November 2010, February 2014, and August 2014 VA examiners all opined that it was less likely than not that the Veteran's symptoms had their onset during or were etiologically related to her active service because they were transient and resolved in service. The November 2010, February 2014, and August 2014 VA examiners all cited in their rationales that while the Veteran was treated for right hip complaints in November and December of 2003, in her August 2005 discharge medical history she reported a history of right hip pain in 2003 or 2004 and a history of generalized joint pain all of which had resolved, an August 2005 physical profile indicates that she was never given a physical profile for any ankle or hip complaints, she was never diagnosed with an ankle condition in service, and no subsequent STRs or VA or other treatment records reveal any diagnosis of, treatment for, or chronic complaints of any right hip or right or left ankle disability. Further, the Board notes that in a June 2005 Post-Deployment Health Assessment the Veteran denied symptoms of swollen, stiff, or painful joints or muscle aches, in August 2005 Medical Evaluation Board (MEB) records the Veteran reported feeling completely normal and able to do any and all functional activities required of soldiering, including unlimited running, walking, biking, swimming, and upper and lower body weight training, the August 2005 MEB found that after a physical examination the Veteran had no musculoskeletal limitations and was able to do all activities of daily living and physical training, and her August 2005 discharge medical examination revealed a clinically normal musculoskeletal system. 

The Veteran is competent to report having experienced right hip and right and left ankle pain, especially with high-impact activities, since service, as she has personal knowledge and her symptoms are largely lay-observable. Davidson v. Shinseki, 581 F.3d 1315-16 (Fed. Cir. 2009); Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Her reports are credible and entitled to probative weight; however, she is not competent to provide a diagnosis or nexus opinion in this case. The issues are medically complex, involving several major joints and body systems, and require specialized knowledge and education. Jandreau, 492 F.3d at 1377, 1377 n.4; Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). The Board therefore gives more probative weight to the findings of the November 2010, February 2014, and August 2014 VA examiners discussed above.

Consequently, the weight of the competent, credible, and probative evidence of record weighs against the claims for service connection for a right hip disability, left ankle chronic tendonitis, and a right ankle disability.

ORDER

Service connection for a right hip disability, left ankle chronic tendonitis, and a right ankle disability is denied.



____________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs