http://www.va.gov/vetapp16/Files4/1634338.txt

Citation Nr: 1634338 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 14-24 340 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Buffalo, New York

THE ISSUE

Entitlement to service connection for a pulmonary disorder.

REPRESENTATION

Appellant represented by: Vietnam Veterans of America

ATTORNEY FOR THE BOARD

Martha R. Luboch, Associate Counsel 

INTRODUCTION

The Veteran had active duty service in the United States Coast Guard from January 1951 to January 1954. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2013 rating decision of the Department of Veteran's Affairs (VA) Regional Office (RO) in Buffalo, New York.

This matter was previously before the Board in September 2015, at which time it was remanded for further development. A review of the claims file shows that there has been substantial compliance with the Board's remand directives. The AOJ sent the Veteran a duty to assist letter asking that he submit additional evidence to support his appeal to include providing private treatment records related to his condition. Additionally, a VA addendum opinion was obtained. See Stegall v. West, 11 Vet. App. 268 (1998); see also Dyment v. West, 13 Vet. App. 141 (1999)(holding that another remand is not required under Stegall where the Board's remand instructions were substantially complied with), aff'd, Dyment v. Principi, 287 F.3d 1377 (2002).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDINGS OF FACT

1. The Veteran does not have a current diagnosis of asbestosis.

2. The Veteran has a current diagnosis of COPD.

3. The Veteran's pulmonary disorder is not causally or etiologically related to service, to include as due to asbestos exposure. 

CONCLUSION OF LAW

The criteria for service connection for a pulmonary disorder have not been met. 38 U.S.C.A. §§ 1110, 1131, 5103, 5107 (West 2014); 38 C.F.R. §§ 4.9, 3.102, 3.159, 3.303, 3.310 (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSION

With respect to the Veteran's claim herein, VA has met all statutory and regulatory notice and duty to assist provisions. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

I. Service Connection

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff'd, 78 F.3d 604 (Fed. Cir. 1996) [(table)].

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Contentions

The Veteran contends that he was exposed to asbestos as an electrician's mate while serving in the United States Coast Guard and this exposure caused his pulmonary disorder.

Facts

The Veteran's DD214 indicates that his MOS was an Electrician's Mate. United States Coast Guard Ratings indicate this job title puts the Veteran at a moderate likelihood of being exposed to asbestos in service. 

The Veteran has asserted that he was diagnosed with asbestosis in June 1998. Throughout the Veteran's medical treatment records, a diagnosis for asbestosis is included in the restatement of his past medical history. However, in a letter dated June 3, 1998, Dr. G.W., the Veteran's treating pulmonologist specifically states that the Veteran does not have asbestosis. 

In an October 2009 radiology report, the "indication" section states the Veteran has asbestosis and the "findings" section states that there may be a nodular interstitial lung pattern present. 

On VA examination in September 2013, the Veteran reported 80 pack year history of tobacco use and reported that he was diagnosed with asbestosis and COPD over 10 years prior. The examiner noted that the Veteran was oxygen dependent due to his COPD. The examiner noted that the Veteran has been followed by pulmonology due to his history of asbestos exposure during his career as an electrician's mate in the military and during his civilian career as an electrician. The examiner noted that abnormal chest x-ray findings were decided to be benign rounded atelectasis, with the Veteran's pulmonologist and radiologist confirming that the Veteran does not have asbestosis. The examiner opined that the claimed conditions are less likely than not incurred in or caused by the Veteran's claimed exposure to asbestos in service. The examiner indicted that the Veteran does not have a current diagnosis of asbestosis; that the diagnosis was COPD, and current medical literature does not support asbestosis causing COPD. 

In March 2014, the Veteran's physician (Dr. R.H.) submitted a respiratory conditions disability benefits questionnaire indicating that the Veteran did have a diagnosis of asbestosis with the date of diagnosis unknown. 

The Veteran underwent VA examinations on his respiratory conditions in June 2014. The examiner rendered a diagnosis of COPD only. The examiner was asked to give an opinion as to whether the Veteran's asbestosis was at least as likely as not incurred in or caused by his service in the Coast Guard. The examiner opined that the Veteran's asbestosis was less likely than not caused by or incurred in service, since the Veteran had no current diagnosis of asbestosis. 

In June 2014, it was noted that there was streaky ill-defined opacity in the lung bases bilaterally, similar to prior radiographs and essentially unchanged compared to radiographs dating back to October 2006. The examiner noted that the cardiomediastinal silhouette was unremarkable and there was no pleural effusion. The surrounding bony structures were stable and the Veteran had a stable chest. The examiner opined that it was less likely than not that the Veteran's COPD was incurred in or caused by the Veteran's exposure to asbestos in-service as current medical literature does not support that asbestos exposure causes COPD. 

The Veteran reported in June 2014 that he had received a diagnosis of asbestosis from Dr. R.H. in March 2014. 

The Veteran was sent a duty to assist letter in November 2015. In response, the Veteran stated that he did not receive treatment from University Cardiovascular Associates or Dr. R. H. for the claimed condition of asbestosis and therefore will not be providing those records as they contain no pertinent information.

A November 2015 VA medical opinion was rendered with regard to the Veteran's pulmonary condition. The diagnosis rendered is COPD. The examiner opined that it is less likely than not incurred in or caused by the Veteran's exposure to asbestos in service. The examiner indicated that the Veteran does not have and has never been diagnosed with asbestosis. The examiner stated that current medical literature does not support that asbestosis exposure causes COPD. The examiner also opined that the Veteran's long smoking history (two packs a day for forty years) is most likely the cause of his COPD. 

In April 2016 a VA addendum opinion was rendered. The examiner opined that it is less likely than not that the Veteran's COPD was incurred in or caused by the Veteran's exposure to asbestos. The examiner stated that the Veteran does not have any respiratory conditions other than COPD and this has been confirmed by multiple practitioners. While the examiner noted that cardiologist records show a diagnosis of asbestosis, the examiner indicated that there is no rationale for this diagnosis or x-ray findings to support this diagnosis. The examiner noted that pulmonologist and radiologist confirm that the Veteran does not have asbestosis and the Veteran's x-ray findings are not secondary to asbestosis at this time. The examiner indicated that the Veteran's primary care physician also only gave the Veteran a diagnosis of COPD and not asbestosis. 

Asbestosis

Here, fundamentally, the evidence does not establish that the Veteran has a diagnosis of asbestosis.

The Board is cognizant that the Federal Circuit has held that "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the lay person is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time support a later diagnosis by a medical professional." Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006) ("[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence.").

Although the Veteran is not asserting that he is competent to diagnose himself with asbestosis, the Board notes that because the Veteran has not shown that he is qualified through specialized education, training, or experience to make a diagnosis of asbestosis, he would not be competent to do so.

The Board recognizes that throughout the Veteran's medical treatment records, a diagnosis for asbestosis is included in the restatement of his past medical history. Additionally, a March 2014 DBQ provided by the Veteran's physician indicates that the Veteran has a diagnosis of asbestosis. The Board notes however, that in a letter dated June 3, 1998, Dr. G.W., the Veteran's treating pulmonologist specifically stated that the Veteran does not have asbestosis. 

Additionally, the Veteran has been afforded multiple VA examinations and various x-rays of the Veteran's chest have been performed. Ultimately, VA medical opinions from September 2013, June 2014, November 2015 and addendum opinion from April 2016, indicate that the Veteran does not have a diagnosis of asbestosis. As these opinions were based on a thorough review of the Veteran's claims file, were well-reasoned with sufficient supporting rationale and were predicated on x-rays performed, the Board affords these medical opinions more probative weight than the March 2014 DBQ, which provides a diagnosis of asbestosis and nothing further. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Further, the Board notes that while a diagnosis of asbestosis is included in the restatement of the Veteran's past medical history throughout his treatment records, the Board finds that after thoroughly reviewing the treatment records, that diagnosis was not based on testing nor was any reasoning provided. Therefore, the Board affords these treatment records no probative weight. 

Because the Veteran does not have asbestosis, a basis for service connection for it is not present. 

COPD

The Board notes that the Veteran does, however, have a diagnosis of COPD as evidenced by private treatment records and VA examinations. Therefore, the first element of service connection is met. In addition, the Veteran was likely exposed to asbestos in service. Therefore, the second element is met.

With regard to the third element of service connection, the "nexus" element, the Board notes that of record are four VA examination opinions, where none related the Veteran's COPD to his asbestosis exposure in service. They note medical literature does not support that asbestos causes COPD. As these opinions were based on a thorough review of the Veteran's claims file, were well-reasoned with sufficient supporting rationale, the Board finds these medical opinions highly probative. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). Additionally, the Board notes that there are no contrary medical opinions of record.

To the extent that the Veteran has alleged that his COPD is due to service, the Board finds that is a medical question that is complex in nature, so any opinion must come from one with medical expertise, or have some medical foundation. See, e.g., Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). The Veteran has not such expertise. 

Therefore, as there is no competent evidence establishing a nexus between the Veteran's service and his COPD, the Board finds that the preponderance of the evidence is against the Veteran's claim. Consequently, the benefit-of-the-doubt rule does not apply, and the claim must be denied. 38 U.S.C.A. §§ 5107(b); 38 C.F.R. 3.102.

 (CONTINUED ON NEXT PAGE)

ORDER

Entitlement to service connection for a pulmonary disorder is denied.

____________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs