Citation Nr: 1714071 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 12-24 827 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina


THE ISSUES

1. Entitlement to service connection for asthma.

2. Entitlement to service connection for residuals of a lower abdominal muscle or groin tear disability.

3. Entitlement to service connection for left ear hearing loss.

4. Entitlement to an initial compensable rating for hypertension.

5. Entitlement to a higher initial rating for degenerative disk disease and spondylosis at L4-5 and L5-S1, lumbar spine, currently rated 40 percent disabling.

6. Entitlement to a total disability rating based upon individual unemployability (TDIU).



ATTORNEY FOR THE BOARD

N. Peden, Associate Counsel


INTRODUCTION

The Veteran had periods of active service from March 2003 to June 2003 and from December 2003 to July 2010.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. The rating decision granted service connection for degenerative disk disease and hypertension; these conditions were assigned noncompensable ratings. In a July 2012 Statement of the Case, the RO assigned the Veteran a 40 percent rating for degenerative disk disease throughout the appeal period. In November 2015, the Board remanded all issues for further development, specifically, to obtain additional records and to afford the Veteran VA examinations for his claimed disabilities. 

The Board notes that the Veteran was previously represented with regard to the issues of entitlement to TDIU, entitlement to a higher initial rating for degenerative disk disease, and entitlement to an initial compensable rating for hypertension by an attorney. In March 2016, prior to recertification of this appeal to the Board, the attorney withdrew representation for these issues and provided notice of this withdrawal to the Veteran. See 38 C.F.R. §§ 14.631(c), 20.608(a) (2016). The Veteran has not appointed another representative, and the Board does not recognize any representation at this time. 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.



REMAND

The Board finds that further action is necessary before a decision can be reached on the merits of the Veteran's claims. 

The appellate scheme set forth in 38 U.S.C.A. § 7104 (a) (West 2014) contemplates that all evidence will first be reviewed by the AOJ so as not to deprive the claimant of an opportunity to prevail on his claims at that level. See generally Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). When the AOJ receives pertinent evidence relevant to a claim properly before it that is not duplicative of evidence already discussed in the statement of the case (SOC) or a supplemental statement of the case (SSOC), it must prepare an SSOC addressing that evidence unless this procedural right is waived by the Veteran. 38 C.F.R. § 19.31 (b)(1) (2016). 

Here, however, after the issuance of separate SSOCs in April 2016, June 2016, and July 2016, in which it collectively addressed all the issues on appeal, the RO obtained evidence pertinent to the Veteran's claims, in the form of records associated with his ongoing treatment with VA providers and an October 2016 thoracolumbar spine VA examination. The RO, however, did not prepare an SSOC which considered this newly received evidence, and no waiver of RO review of these documents or withdrawal of the appeal of these issues has been submitted by the Veteran. The Board notes further that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically in the claims file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992). Therefore, as the identified VA medical records may be pertinent to the Veteran's claims, on remand the AOJ must review the above-identified medical records, along with any other examination or treatment records from any facility associated with the Durham VAMC, dating from March 2016 to the present and issue a new SSOC on these claims. 

The Board further notes that the Court has held that once VA undertakes the effort to provide an examination when developing a claim for service connection, even if not statutorily obligated to do so, it must provide an adequate one. See Woehlaert v. Nicholson, 21 Vet. App. 456, 464 (2007), citing Barr, 21 Vet. App. at 311; see also Bowling v. Principi, 15 Vet. App. 1, 12 (2001) (emphasizing the Board's duty to return an inadequate examination report "if further evidence or clarification of the evidence . . . is essential for a proper appellate decision"). Here, the October 2016 examiner did not review the claims file before the examination, though several records and statements pertinent to the evaluation of the Veteran's lumbar spine were of record at that time. Further, the Board notes that in his October 2016 opinion, the VA examiner based his opinion on conclusory statements without any rationale or basis given for the opinion. He also failed to take into consideration any statements made by the Veteran about his condition. 

The Veteran is competent to provide testimony concerning factual matters of which he had firsthand knowledge, such as symptoms of a current disability. See Washington v. Nicholson, 19 Vet. App. 362 (2005). Here, the Board finds that additional VA medical opinion is required. See 38 C.F.R. § 4.2 (2016) (where an examination report does not contain sufficient detail, it is inadequate for evaluation purposes); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008) (a medical examination report must contain clear conclusions with supporting data and a reasoned medical explanation connecting the two); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (a medical opinion must be supported by an analysis that the Board can consider and weigh against contrary opinions). The Board finds that there is insufficient competent medical evidence on file to make a decision and must therefore remand to obtain an additional medical examination regarding the Veteran's degenerative disk disease and spondylosis at L4-5 and L5-S1, lumbar spine. See McLendon, 20 Vet. App. 79. 

The matter of TDIU is deferred pending development for the Veteran's claim for an increased rating for his degenerative disk disease and spondylosis at L4-5 and L5-S1, lumbar spine.

Accordingly, the case is REMANDED for the following action:

1. The Veteran must be scheduled for VA examination to examine his degenerative disk disease and spondylosis at L4-5 and L5-S1, lumbar spine, and notified that failure to report to any scheduled examination, without good cause, could result in a denial of his claim. See 38 C.F.R. § 3.655 (b) (2016). 

The examiner must review the claims file and discuss all symptomatology associated with the Veteran's service-connected degenerative disk disease and spondylosis at L4-5 and L5-S1, lumbar spine. In particular, the examiner must describe in detail all symptoms attributed to the service-connected degenerative disk disease and spondylosis at L4-5 and L5-S1, lumbar spine, and opine as to any worsening or aggravation of the disability. Any incapacitating episodes and flare ups of the disability should be noted as to their frequency and duration.

2. After undertaking any other development deemed appropriate, the AOJ must re-adjudicate the issues on appeal, to include consideration of the additional evidence obtained since it last adjudicated these claims. Specific consideration must be given to all evidence received since the last SSOCs, which were issued in April 2016, June 2016, and July 2016. The Veteran must be afforded an opportunity to respond before the record is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
CAROLINE B. FLEMING
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).