Citation Nr: 1743985 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 13-340 97 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss. 

2. Entitlement to service connection for tinnitus. 

3. Entitlement to service connection for a back disability. 


REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse. 



ATTORNEY FOR THE BOARD

K. Anderson, Counsel


INTRODUCTION

The Veteran had active military service from November 1963 to September 1966. 

These claims come to the Board of Veterans' Appeals (Board) from August 2013 and July 2010 rating decisions from the Department of Veterans Affairs (VA) Regional Offices (RO) in Seattle, Washington and Portland, Oregon. The Portland RO now has complete jurisdiction over the Veteran's file. 

The Veteran testified at a Board hearing in October 2016. A transcript is of record. 


FINDINGS OF FACT

1. Hearing loss was not shown in service or for many years thereafter, and is not related to service, including to in-service noise exposure. 

2. The Veteran's tinnitus began during active duty and has continued to the present. 

3. The Veteran's current back disability, variously diagnosed as degenerative disc disease, spondylolisthesis, and spondylolysis, is related to service. 


CONCLUSIONS OF LAW

1. Bilateral hearing loss was not incurred in service, and may not be presumed to have been incurred therein. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 1137, 1154(b) (West 2016); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.385 (2016).

2. The criteria for service connection for tinnitus are met. 38 U.S.C.A. §§ 1110, 1154, 5107 (West 2016); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2016).

3. The criteria for service connection for a back disability, variously diagnosed as degenerative disc disease, spondylolisthesis, and spondylolysis, are met. 38U.S.C.A. §§ 1110, 1111, 1131, 5103, 5103A, 5107 (West 2016); 38 C.F.R. § 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. 38 U.S.C.A. § 1110 (West 2014); 38 C.F.R. § 3.303 (a) (2016). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d) (2016).

Hearing Loss 

The Veteran contends that his bilateral hearing loss is a result of noise exposure during active service. 

The record clearly reflects that he has bilateral hearing loss that meets the threshold requirements to be considered disability for VA purposes. See 38 C.F.R § 3.385 (2016); see also July 2013 VA examination report. The Veteran was also exposed to loud noise in service from working in close proximity to aircraft and various equipment. The remaining question is whether a relationship exists between the Veteran's current hearing loss and in-service noise exposure. 38 C.F.R. § 3.303 (d) (2016). For reasons stated below, the Board finds that the Veteran's hearing loss did not begin in service, and is not otherwise related to service.

The Veteran's service treatment records show the Veteran's hearing puretone thresholds in decibels was the following upon entrance: 

Hz. 
500
1000
2000
3000
4000
6000
Right
-10
-10
-5
-10
-5
5
Left
-5
-10
-10
5
5
5

Upon separation the Veteran's hearing in puretone thresholds in decibels was the following: 

Hz
500
1000
2000
3000
4000
6000
Right
-5
-5
-10
-10
-5
-10
Left
-5
-10
-10
-5
0
-5

This evidence shows some slight threshold shifts in service; however, nothing that would meet the level of hearing loss for VA purposes. 

The Veteran testified at his Board hearing that he does not recall having his hearing examined upon entrance; however, the existence of the Report of Medical Examination from November 1963 is evidence against this contention. Further, the Veteran testified that he never noticed when his hearing loss began. 

The Veteran is competent to report that he never noticed when his hearing loss started and that he currently has hard time hearing certain sounds like running water and crickets, as hearing acuity is capable of lay observation. Layno v. Brown, 6 Vet. App. 465 (1994). However, the Board finds that contemporaneous recordings of objective audiological testing are of greater probative value in demonstrating that the Veteran's hearing acuity was not in fact significantly worsened during service, and that there were at most only very mild threshold changes. See Curry v. Brown, 7 Vet. App. 59 (1994) (noting that contemporaneous evidence has greater probative value than history as reported by the veteran; affirming Board decision that cited from MCCORMICK ON EVIDENCE (3rd ed.1984) for the proposition that "memory hinges on recency" and that earlier statements are generally more trustworthy than later ones).

On audiological evaluation in July 2013 during a VA examination the Veteran's hearing in puretone thresholds, in decibels, were as follows: 

Hz
1000
2000
3000
4000
Right
15
35
60
60
Left
15
30
60
65

Speech audiometry revealed speech recognition ability of 96 percent bilaterally. At the end of the examination, the Veteran was diagnosed as having hearing loss for VA purposes. However, at the conclusion of the testing, the VA examiner opined that it is less likely than not that the Veteran's current bilateral hearing loss was related to service. The conclusion was based upon the fact that a comparison of the Veteran's military entrance examination and separation examination indicated that there was no clinically significant declines in hearing thresholds during the Veteran's time in service. Both examinations showed normal hearing thresholds bilaterally. Therefore, there is no evidence to support a claim that the Veteran's hearing loss was caused by or resulted from an event in service. 

At the Veteran's July 2013 examination, he told the examiner that he worked on the flight line pumping fuel and was exposed to loud airplane and helicopter noises during service. Additionally, he states that he shot fire arms during basic training and did not have hearing protection during service. 

Post service, the Veteran reported that he operated heavy equipment during which time he always wore hearing protection. For almost 15 years prior to retiring in 2008, the Veteran cut timber and always wore hearing protection; and that he was enrolled in a hearing conservation program during that time. The Veteran stated that he was told that he had hearing loss while he was enrolled in that program. 

The Veteran has argued that 38 C.F.R. § 3.385 "does not preclude service connection for a hearing loss that was within normal limits at the time of separation," and that he "cannot be precluded from establishing service connection for his current hearing loss simply because he was not found to have a measurable hearing loss at the time of his separation from service." 
The Board agrees that the absence of a hearing disability during service is not always fatal to a service connection claim for hearing loss. See, Ledford v. Derwinski, 3 Vet. App. 87 (1992). However, while an incomplete audiological separation examination cannot be held against such claim, here the Veteran's separation examination affirmatively shows that his hearing acuity underwent insignificant change during service and was normal at separation. 

The Board does not dispute that the Veteran was exposed to noise, or that he has hearing loss. Rather, it is the cause of that hearing loss that is at issue. The weight of the evidence shows that the Veteran entered service with normal hearing, was exposed to loud noises during service, and separated from service with normal hearing. Though he now asserts that his current hearing loss is related to service, even though he cannot remember when his hearing loss began, the Board finds that contemporaneous objective audiometric data is of greater value in showing that the Veteran did not have any in-service hearing loss, than any assertions to the contrary made more than 50 years later.

The only evidence supporting the Veteran's claim that his current hearing loss was caused by service, is his own lay assertions. Though a lay person may speak to etiology in some limited circumstances in which nexus is obvious merely through observation, such as sustaining a fall leading to a broken leg, a layperson cannot provide evidence as to more complex medical questions, see Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007), such as associating the delayed onset of hearing loss with noise exposure several decades prior.

The preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application, and the claim must be denied. 38 U.S.C.A. § 5107 (b) (West 2016); 38 C.F.R. § 3.102 (2016).

Duties to Notify and Assist 

When VA receives a complete or substantially complete application for benefits, it must notify the claimant of the information and evidence not of record that is necessary to substantiate a claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5100 , 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). See also Quartuccio v. Principi, 16 Vet. App. 183 (2002); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 
 
VA's duty to notify has been satisfied through notice letters that fully addressed all notice elements. These letters informed the Veteran of what evidence was required to substantiate his claim and of the Veteran's and VA's respective duties for obtaining evidence. The Veteran was requested to submit any evidence in his possession and has been afforded a meaningful opportunity to participate effectively in the processing of his claim and given ample time to respond. 

In light of the above, the Board finds that all notices required by VCAA and implementing regulations were furnished to the Veteran and that no useful purpose would be served by delaying appellate review to send out additional VCAA notice letters.

VA must also make reasonable efforts to assist the appellant in obtaining evidence necessary to substantiate the claim for the benefit sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claims. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159 (2014).
 
Service treatment records are associated with claims file. All post-service VA and private treatment records identified by the Veteran have also been obtained. The Veteran has not identified any additional records that should be obtained prior to a Board decision. Therefore, VA's duty to further assist the Veteran in locating additional records has been satisfied. See 38 U.S.C.A. § 5103A(d) ; see also 38 C.F.R. § 3.159 (c)(4) (2016). 

The Veteran was provided a VA examination in July 2013 which is adequate for the purposes of determining service connection as the examination involved a review of the Veteran's pertinent medical history as well as a clinical evaluation of the Veteran, and provided an etiological opinion with supporting rationale. See generally Barr v. Nicholson, 21 Vet. App. 303, 311 (2007). 

In light of the foregoing, the Board is satisfied that all relevant facts have been adequately developed to the extent possible; no further assistance to the appellant in developing the facts pertinent to the issue on appeal is required to comply with the duty to assist. 38 U.S.C.A. §§ 5103 and 5103A; 38 C.F.R. § 3.159.


ORDER

Service connection for bilateral hearing loss is denied. 

Service connection for tinnitus is granted. 

Service connection for a back disability, variously diagnosed as degenerative disc disease, spondylolisthesis, and spondylolysis, is granted. 



______________________________________________
DONNIE R. HACHEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs