Citation Nr: 1806327 
Decision Date: 01/31/18 Archive Date: 02/07/18

DOCKET NO. 10-09 930 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a low back disability. 


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Christopher McEntee, Counsel


INTRODUCTION

The Veteran served on active duty from October 1978 to January 1990.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision by a VA RO. In November 2014, the Board denied the Veteran's appeal. The Veteran appealed the decision to the U.S. Court of Appeals for Veterans Claims (Court). In December 2015, pursuant to a Joint Motion for Remand (JMR), the Court vacated the Board's November 2014 decision, and remanded the issue for additional consideration. In June 2016 and May 2017, the Board remanded the matter for further development. The case is again before the Board for appellate review. The Board finds there has been substantial compliance with its remand directives. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that there was no Stegall (Stegall v. West, 11 Vet. App. 268 (1998)) violation when the examiner made the ultimate determination required by the Board's remand.) 


FINDING OF FACT

Low back disability was not manifest during service or within one year of separation and is not attributable to service. 


CONCLUSION OF LAW

Low back disability was not incurred in or aggravated by service, and may not be presumed to have been incurred in service. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.303, 3.307, 3.309 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000

VA has a duty to notify and to assist the Veteran in the development of his claim. The duty to notify has been met. Neither the Veteran, nor his representative, has alleged prejudice with regard to notice. The Federal Circuit has held that "absent extraordinary circumstances . . . it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the" claimant. Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

With regard to the duty to assist, the Veteran's medical records, to include service treatment records (STRs) and post-service treatment records from a service department hospital, have been obtained (the record indicates that the Veteran has not received treatment from VA). Moreover, the Veteran has undergone adequate VA examination during the appeal period, the report of which is adequate to address the claim decided below. 

The Board finds that further action is unnecessary under 38 U.S.C. § 5103A and 38 C.F.R. § 3.159. The Veteran will not be prejudiced as a result of the Board's adjudication of the issue below.

II. Service Connection

The Veteran claims that he incurred a lower back disability during service as the result of a motorcycle accident in December 1981. In a March 2010 statement, he asserted that a lower back disorder has "been a continuing problem since being discharged from service" and that he had experienced "pain and deterioration of the joints" and that the problem was "chronic and continued to develop constant pain and restrictions of movement." 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131 (2012); 38 C.F.R. 
§ 3.303 (2017). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). 

For veterans who served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including arthritis, are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307(a), 3.309(a). For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge is required to support the claim. 38 C.F.R. § 3.303(b); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013) (the theory of continuity of symptomatology can be used only in cases involving those disabilities specified as chronic under 38 C.F.R. § 3.309(a)).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the benefit of the doubt shall be given to the claimant. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54 (1990). 

In this matter, the evidence establishes that the Veteran has a current back disability. Medical evidence from the Veteran's treating military hospital notes back disability as does an August 2017 VA compensation examination report. This report notes that the Veteran has been diagnosed with facet hypertrophy and a Schmorl's node in the lower spine. Further, STRs document a lower back injury during service. Records dated in December 1981 note emergency room treatment for back injury following a motorcycle accident. Records dated until February 1982 detail treatment for the injury. 

Nevertheless, the preponderance of the evidence indicates that current low back disability is unrelated to service, and did not manifest to a compensable degree within the first year of discharge from service. The STRs dated from February 1982 until discharge from service in January 1990 detail a variety of medical problems but do not note any complaints, diagnosis, or treatment for back disability. The separation reports of medical examination and history, dated in November 1989 approximately seven years after the motorcycle accident, do not note a back problem. Rather, the examination report notes the Veteran's spine as normal on examination while, in the report of medical history, the Veteran indicated "no" history of recurrent back pain. Further, a November 1985 report of medical examination, dated midway through the Veteran's enlistment, does not note a back or spine problem. The report instead notes the spine as normal on examination. In sum, the STRs note a back injury during service and a brief period of treatment for the injury. But the medical evidence dated during service also demonstrates that the Veteran did not have a chronic back disability and did not have characteristic manifestations sufficient to identify a chronic disease. Rather, when examined during service and at discharge from service, the Veteran's spine was normal.

Moreover, the earliest medical evidence of record of a back problem after service is dated in 2003, over 13 years after separation from service. February 2003 magnetic resonance imaging conducted at a treating military hospital noted "mild facet hypertrophy and sclerosis in the posterior elements at the L5-S1 level." See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000) (the passage of many years between discharge from active service and the medical documentation of a claimed disability may be considered in evaluating a claim of service connection). 

The evidence of record addressing the issue of medical nexus also preponderates against the claim. In the August 2017 VA report and opinion, which was provided pursuant to the May 2017 remand, the examiner stated that the current back disorders of facet hypertrophy and Schmorl's node were likely unrelated to service. The examiner found that the in-service motorcycle accident and back injury did not lead to post-service residuals. In support, the examiner noted the lack of "chronicity of care and treatment of a diagnosed back condition" after the injury and following service. The examiner noted that the February 2003 radiology evidence indicating "facet hypertrophy and sclerosis of posterior elements of L5-S1" was over 13 years after service. The examiner also indicated that, although medical literature is divided with regard to whether a Schmorl's node relates to trauma, the Schmorl's node was not evident in the February 2003 examination, "which is 13 years post service and 22 years since time of accident." 

In the August 2017 report and opinion, the examiner indicated that he reviewed the claims file, interviewed the Veteran, and examined the Veteran. In the report, the examiner also noted the Veteran's complaints, detailed the Veteran's medical history, and detailed his medical findings. As the opinion is based on the evidence of record, and is well explained, the Board finds it to be of probative value in this matter. See Bloom v. West, 12 Vet. App. 185, 187 (1999) (the value of a physician's statement is dependent, in part, upon the extent to which it reflects clinical data or other rationale to support the opinion). Further, the opinion is not countered by a medical nexus opinion favoring the claim. 

As noted by the Board in its June 2016 and May 2017 remands, two prior VA examination reports are inadequate. The reports, dated in January 2014 and July 2016, are inadequate because each indicated that the Veteran did not have current back disability, despite the evidence of record indicating a lower spine disorder. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007) (noting that once VA undertakes an examination, an adequate one must be produced). As such, these opinions have not been relied upon in this decision. 

In assessing the Veteran's service connection claim, the Board has considered his lay assertions. The Veteran is competent to offer testimony regarding observable symptomatology, such as the pain and limitation of motion involved in orthopedic injuries and disabilities. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). However, the more credible evidence of record preponderates against the notion that a chronic back disability was either present or incurred during service, or developed within one year of service. The medical evidence demonstrates the absence of back disability for many years following the December 1981 accident and injury, and following the January 1990 discharge from service. In fact, when examined, the spine and lower extremities were normal at discharge and the Veteran denied pertinent defects. As this contemporaneous evidence is more credible, it is of more probative value. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). Indeed, the lay assertions pale into insignificance when compared with the far more probative objective record. In particular, the contemporaneous normal medical and lay evidence generated during service is far more credible and probative than the Veteran's assertion years after service that he developed chronic back disability during service. Thus, in weighing the evidence, the Board finds that the medical evidence of record, and the lack thereof, preponderates against the Veteran's assertions regarding the development of his back disability. See Gilbert, supra. 

As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine does not apply, and the claim must be denied. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. 


ORDER

Entitlement to service connection for a low back disability is denied. 



____________________________________________
DONNIE R. HACHEY
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs