**This version includes the errata dtd 4Sep07 - e**

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

NO. 05-2302

EDMUND WOEHLAERT, JR., APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided    August 24, 2007    )

*Michael R. Viterna*, of Northville, Michigan, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel, *Carolyn F. Washington*, Deputy assistant General Counsel; and *Brent A. Bowker*, all of Washington, D.C., were on the brief for the appellee.

Before LANCE, DAVIS, and SCHOELEN, *Judges*.

LANCE, *Judge*: The appellant, Edmund Woehlaert, Jr., through counsel, appeals a June 16, 2005, decision of the Board of Veterans' Appeals (Board). In that decision, the Board denied the appellant's request to reopen his previously disallowed service-connection claim for a heart condition because new and material evidence had not been presented. Record (R.) at 1-12. This appeal is timely, and the Court has jurisdiction over the case pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). Two questions are presented on appeal. First, if VA performs a medical examination of a claimant after the regional office (RO) reopens a previously adjudicated claim, may the Board nevertheless decide not to reopen that claim on appeal? Second, if the Board can decide not to reopen such a claim and the Court determines that it has properly done so, is the adequacy of VA's new medical examination a viable issue on appeal? For the reasons stated herein, the Court holds

that the Board must review the RO's decision to reopen a previously disallowed claim even if a new medical examination of a claimant is performed pursuant to 38 U.S.C. § 5103A(d). The Court further holds that if the Board properly decides not to reopen such a claim, the adequacy of any new VA medical examinations conducted pursuant to 38 U.S.C. § 5103A(d) is not a viable issue on appeal. Accordingly, the Court will affirm the Board's decision.

## I. FACTS

The appellant served in the U.S. Army from April 1943 to September 1943. R. at 16, 23, 35. In June 1943, he was hospitalized for coughing, shortness of breath, a severe headache, generalized weakness, and a cold of several weeks' duration. R. at 31-34. A heart murmur was detected during his initial examination. R. at 31. The appellant remained in the hospital until his discharge from service. R. at 18-20, 35-43. His final, primary diagnosis was "neurasthenia, severe, caused by psychoneurosis." R. at 16, 23; *see* STEADMAN'S MEDICAL DICTIONARY 1206 (27th ed. 2000) (defining "neurasthenia" as "[a]n ill-defined condition, commonly accompanying or following depression, characterized by vague fatigue believed to be brought on by psychological factors"). The Board of Medical Officers (BMO) later confirmed this diagnosis. R. at 22-23. The BMO also concluded that this was a preexisting and permanently disabling condition, rendering the appellant unfit for further duty. *Id.* The appellant was discharged shortly thereafter. R. at 23. His service medical records do not include a diagnosis for a heart condition or rheumatic fever.

In February 1955, a private physician, Joseph B. Conti, M.D., diagnosed the appellant with a heart condition, mitral stenosis. R. at 49. Two months later, a VA examiner diagnosed the appellant with "organic heart disease, probably rheumatic" and "psychoneurosis, anxiety and conversion, moderately severe, of life long duration." R. at 60. In May 1955, the Detroit, Michigan, RO denied the appellant's claims for service connection for a heart condition and a nervous disorder. R. at 62. The RO found that the appellant had not incurred or aggravated either of those disabilities in service. *Id.* The appellant did not appeal.

The appellant has received medical treatment for his heart condition since the RO initially denied his claim. R. at 69-71, 78-90, 120, 220-21. VA has received some of those treatment records as well as additional lay evidence, including a 1974 letter from the appellant's wife and two personal

2

statements from the appellant that were drafted during the pending adjudication. R. at 64, 66, 69, 78, 87, 92, 120, 220-23, 244.

In May 2002, the appellant sought to reopen his heart disorder claim, because he "believe[d] [he] was hospitalized while in service for rheumatic fever." R. at 92. In June 2003, the RO reopened the appellant's claim, but denied it on the merits. R. at 212-15. The appellant appealed. R. at 217-18. In December 2003, the appellant received two new VA medical examinations. R. at 220-24. A decision review officer later denied the appellant's claim on the merits. R. at 228-42.

In June 2005, the Board issued the decision here on appeal. R. at 1-12. After reviewing the evidence of record, the Board denied the appellant's request to reopen his heart disorder claim. R. at 10-12. The Board found that the evidence presented since the RO's May 1955 decision was not new and material. *Id.*

## II. ANALYSIS

The appellant raises three arguments on appeal. First, he argues that the Board had to decide the merits of his claim, because the RO reopened the claim and the Secretary performed two new medical examinations during the pending adjudication. Appellant's Brief (Br.) at 14-15. Second, he argues that the Board erroneously found that new and material evidence had not been presented, and that inadequate reasons or bases were provided in support of its decision. Br. at 7-14, 16. Finally, he argues that the Board erroneously failed to find that VA violated the duty to assist when it provided an inadequate medical examination pursuant to 38 U.S.C. § 5103A(d)(1)-(2) and 38 C.F.R. § 3.159(c)(4) (2006). Br. at 15. The Secretary has responded by defending the Board's decision in all respects.

A. The Board's Authority To Deny a Request To Reopen a Previously Adjudicated Claim

The appellant argues that the RO decision denying his claim should be reopened under the new and material evidence exception to the rule of finality. 38 U.S.C. §§ 5108, 7105(c); 38 C.F.R. § 3.156(a) (2006); *see Suttman v. Brown*, 5 Vet.App. 127, 135-36 (1993). This exception allows a veteran to reopen a previously disallowed claim if new and material evidence is submitted with respect to that claim. 38 U.S.C. §§ 5108, 7105(c). A claim to reopen requires a sequential analysis of two questions. *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991). Has the necessary new and material evidence been presented to justify reopening the claim? *Manio*, 1 Vet.App. at 145. If so,

is the veteran entitled to an award of benefits based on all of the evidence of record? *Id.* The first question, whether new and material evidence has been presented, is a jurisdictional issue for the Board. *See Prillaman v. Principi*, 346 F.3d 1362 (Fed. Cir. 2003); *Jackson v. Principi*, 265 F.3d 1366 (Fed. Cir. 2001); *Barnett v. Brown*, 83 F.3d 1380 (Fed. Cir. 1996); *Butler v. Brown*, 9 Vet.App. 167 (1996). Therefore, it must be asked and answered by the Board de novo whenever a claim to reopen is filed. *See Barnett*, 83 F.3d at 1383. More importantly, an unfavorable answer to this question requires a summary dismissal of the claim, i.e., without consideration of the second question or any other issues concerning the merits. A review of the relevant cases in this area confirms this conclusion.

In *Barnett v. Brown*, a case involving the attempted reopening of a claim subsumed in a final Board decision, *see* 38 U.S.C. § 7104(b), the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that "the [Board] is required to determine whether new and material evidence has been presented before it can reopen a claim and re-adjudicate service connection or other issues going to the merits." 83 F.3d at 1384. The Federal Circuit further held that "[w]hat the regional office may have determined in this regard is irrelevant[,] . . . [because] the Board's jurisdiction [does not vary] according to how the regional office ruled." *Id.* at 1383. In *Butler v. Brown*, *supra*, we later concluded that "[*Barnett*] teaches that the Board must preliminarily decide that new and material evidence has been presented in a case it has previously adjudicated, before addressing the merits of the claim." *Id.* at 171. Finally, in *Jackson v. Principi*, the Federal Circuit held that "the Board has a jurisdictional responsibility to consider whether it was proper for a claim to be reopened, regardless of whether the previous action denying the claim was appealed to the Board." 265 F.3d 1366, 1369 (Fed. Cir. 2001). These decisions eliminate any doubt as to the jurisdictional nature of the new and material evidence requirement.

Turning to the merits of the first issue presented, the appellant argues that because "the RO reopened [his] claim . . . and undertook additional medical development in the form of conducting two . . . examinations thereafter, the Board was obligated to conduct a merits evaluation of the claim." Br. at 14. We disagree. As previously discussed, the new-and-material-evidence requirement is jurisdictional. *See Prillaman*, *Jackson*, *Barnett*, and *Butler*, all *supra*. Therefore, the Board had to decide whether new and material evidence had been presented, regardless of the RO's prior decision or subsequent actions. *Barnett*, 83 F.3d at 1383. This does not mean that the Board

4

can simply ignore the evidence developed after the RO reopens a claim. *See* 38 U.S.C. § 7104(a) (requiring the Board to decide each claim "based on the entire record in the proceeding and upon consideration of all evidence and material of record"). To the contrary, the Board must consider all of the evidence of record, including any new medical examinations performed after the RO reopens a claim, when determining whether new and material evidence has been presented. *Id.* That being said, the Board cannot even consider–much less decide– the merits of a previously adjudicated claim once it finds such evidence lacking. *Butler*, 9 Vet. App. at 171 ("[O]nce the Board finds that no [new and material] evidence has been offered, that is where the analysis must end."). For these reasons, the Court holds that even though the RO reopened the appellant's claim and ordered two new medical examinations, the Board was not bound to decide the merits of his claim.

## B. The Board's New-and-Material-Evidence Determination

The Court reviews the Board's determination of whether new and material evidence has been presented since a prior adjudication under the "clearly erroneous" standard. *Elkins v. West*, 12 Vet.App. 209, 217 (1999) (en banc); *see also Prillaman*, 346 F.3d at 1367 (upholding the application of the "clearly erroneous standard" of review to the Board's new-and-material-evidence determinations); *Fortuck v. Principi*, 17 Vet.App. 173, 178-79 (2003) (Board determinations as to whether new and material evidence has been presented are reviewed under the "clearly erroneous" standard of review). "New and material evidence" is defined as follows:

> New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

38 C.F.R. § 3.156(a) (2006) (effective August 29, 2001); *Voracek v. Nicholson*, 421 F.3d 1299 (Fed. Cir. 2005). The RO originally denied the appellant's claim because there was no evidence "of in-service incurrence or aggravation" of heart disease. *See Hickson v. West*, 12 Vet.App. 247, 253 (1999); *Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table); *see also Heuer v. Brown*, 7 Vet.App. 379, 384 (1995). Therefore, before the merits of his claim can be readjudicated, the appellant must present new evidence that, "by itself or when

5

considered with previous evidence of record, relates to an unestablished fact necessary to" and "raise[s] a reasonable possibility of" substantiating the in-service incurrence or aggravation of his heart disease. 38 C.F.R. § 3.156(a); *see Voracek v. Nicholson*, 421 F.3d 1299 (Fed. Cir. 2005). The appellant, citing the new medical records and lay statements he has submitted since the prior adjudication, argues that such evidence has been presented here. Br. at 7-14, 16. However, the Board reviewed this evidence and found it to be "merely cumulative" of the evidence already of record. R. at 10-12. The Board further concluded that this evidence did not relate to the RO's original basis for denying the appellant's claim. *Id.* Because we are not "'left with the definite and firm conviction that a mistake has been committed,'" *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)), the Court holds that the Board's determination that new and material evidence has not been presented is not clearly erroneous.

First, we cannot conclude that the new medical evidence presented by the appellant either relates his heart disease to his military service, *see* 38 C.F.R. § 3.303(a), or otherwise raises a reasonable possibility of demonstrating the in-service incurrence or aggravation of his heart condition. 38 C.F.R. § 3.156(a). The 1974 letter from the appellant's private physician mentions only his treatment of the appellant from October 1973 onward. R. at 64. Likewise, the appellant's July 1976 hospital discharge summary only provides information about a recent period of treatment, and the report specifically dates the onset of his heart disease to 10 years after his discharge from service. R. at 69 (stating the appellant has a "[h]istory of rheumatic heart disease since he was 28 years old"). The appellant's March 1979 VA examinations also date his initial diagnosis for heart disease to 1953 or 1954, a decade after his military service had ended. *Cf.* R. at 81 *with* R. at 87. The October 2002 hospital discharge summary includes no discussion of the appellant's military service (R. at 120), and the December 2003 VA heart examination report states that "[t]here [i]s no documentation of rheumatic fever, arthritis or any heart condition" in service. R. at 220. Having been given no indication that a relationship exists between the appellant's heart condition and his military service, we simply cannot conclude that the Board clearly erred in finding that the medical evidence submitted was not material.

The appellant's new lay evidence is similarly deficient. The 1974 letter from the appellant's wife only provides new information about his heart condition from 1946 onward. R. at 66. We also

agree with the Board's finding that the appellant's statements that he had rheumatic fever in service are immaterial. Unlike varicose veins, *Barr v. Nicholson*, __ Vet.App. __, No. 04-0534 (June 15, 2007), or a dislocated shoulder, *Jandreau v. Nicholson*, __ F.3d __, No. 2007-7029 (Fed. Cir. July 3, 2007), rheumatic fever is not a condition capable of lay diagnosis. *See Espiritu v. Derwinski*, 2 Vet.App. 492, 494 (1992). Moreover, the appellant's service medical history is meticulously documented, and it does not include a rheumatic fever diagnosis. R. at 16, 18-20, 22-23, 31-43. In addition, none of the medical opinions of record establish an affirmative relationship between his alleged contraction of rheumatic fever, his heart condition, and his military service. *Cf. Jandreau*, slip op. at 6-8. Finally, the RO's May 1955 decision denying the appellant's claim noted that his heart disease was "probably rheumatic." R. at 62. For these reasons, the Court holds the Board did not clearly err in finding that the appellant has not presented new and material evidence since the prior adjudication of his claim.

The represented appellant also argues that "the Board failed to support its conclusion with adequate reasons or bases." Br. at 16. The Board is required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate informed review in this Court. *See* 38 U.S.C. 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *See Caluza*, 7 Vet.App. at 506; *Gilbert, supra*. The appellant's entire argument on this issue consists of the single sentence paraphrased above. This Court has consistently held that it will not address issues or arguments that counsel for the appellant fails to adequately develop in his or her opening brief. *See Coker v. Nicholson*, 19 Vet.App. 439, 442 (2006) (stating that an appellant must "plead with some particularity the allegation of error so that the Court is able to review and assess the validity of the appellant's arguments"); *Cromer v. Nicholson*, 19 Vet.App. 215, 219 (2005) (holding that the Court will not address any argument "in the absence of the necessary factual predicate"); *see also* U.S. VET. APP. R. 28(a)(5). The Court therefore rejects the appellant's argument on this basis alone.

C. The Medical Examination Component of the Duty to Assist

Having concluded that the Board did not clearly err in not reopening the appellant's claim, we must now determine whether we can review the adequacy of the Secretary's new medical examinations of the appellant. VA has a general duty to assist a veteran in developing his or her claim. *See* 38 U.S.C. §§ 5103; 5103A; *see also* 38 C.F.R. § 3.159. This includes providing a current medical examination if one "is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d)(1)-(2); 38 C.F.R. § 3.159(c)(4); *see McLendon v. Nicholson*, 20 Vet.App. 79 (2006). However, the Secretary is not required to provide a new medical examination of a claimant seeking to reopen a previously and finally disallowed claim unless new and material evidence had been presented. *See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1342-1343 (Fed. Cir. 2003) (holding that "in the absence of new and material evidence, VA is not required to provide assistance to a claimant attempting to reopen a previously disallowed claim, including providing a medical examination or obtaining a medical opinion").

The Secretary had a conditional or provisional duty to provide the appellant with new medical examinations, but this duty was extinguished once the Board found that new and material evidence had not been presented. In this case, the RO properly ordered the Secretary to conduct new medical examinations of the appellant after erroneously concluding that sufficient new and material evidence had been presented to warrant reopening his claim. R. at 212-15. However, the appellant later appealed this decision to the Board. R. at 217-18. In so doing, the appellant authorized the Board to issue a new ruling on the RO's decision to reopen his claim. *See Bernard*, 4 Vet.App. at 390-91. When the Board later found that new and material evidence had not been presented, the Secretary's duty to provide the appellant with new examinations was extinguished, *see Paralyzed Veterans of Am., supra*, and the issue of the inadequacy of his new medical examinations became moot because the Board was barred by statute from considering any "issues going to the merits." *Barnett*, 83 F.3d at 1384. For these reasons, we hold that once the Board decided that the appellant's claim could not be reopened, the Secretary's conditional duty to provide the appellant with a new medical examination was extinguished. We further hold that the adequacy of the Secretary's new medical examinations became moot, because a readjudication of the merits of the appellant's claim was barred by statute. *See Butler*, 9 Vet.App. at 171 ("[O]nce the Board finds that no [new and material] evidence has been offered, that is where the analysis must end."); *see also* 38

8

U.S.C. §§ 5108, 7104(b), 7105(c); 38 C.F.R. § 3.156(a). As the appellant has not argued on appeal that the Secretary violated his duty in any other respect, the Court holds that the Board did not err in failing to find the Secretary in violation of the duty to assist.

Our holding today is distinguishable from the Court's recent decision in *Barr*, *supra*. In that case, the claim before the Secretary had not been previously adjudicated. Therefore, the Secretary's duty to provide the claimant with a medical examination was not contingent upon his presentation of new and material evidence, and the merits of his claim was not subject to a jurisdictional bar. In those circumstances, we held that "once the Secretary undertakes the effort to provide an examination when developing a service-connection, even if not statutorily obligated to do so, he must provide an adequate one or, at a minimum, notify the claimant why one will not or cannot be provided." *Id.*, slip op. at 10. However, in this case, any development of the merits of the appellant's claim was subject to a jurisdictional bar, the one applicable to the readjudication of final VA decisions. And unless that bar was properly removed, the Secretary had no obligation to develop–and the Board could not consider–the merits of his claim

Finally, as previously discussed, we do not hold that the Secretary's examinations of the appellant are irrelevant. The Board must consider all of the evidence of record when determining whether new and material evidence has been presented, including any medical examinations obtained by the RO prior to its decision. 38 U.S.C. § 7104(a); *see Falzone v. Brown*, 8 Vet.App. 398, 404-06 (1995); *Butler*, 9 Vet.App. at 171 (explaining that "[t]he Board's review of the evidence of record is necessary to determine whether new and material evidence has been submitted"). Rather, we hold that this Court's obligation to ensure the Secretary's compliance with this duty does not arise and could serve no purpose when the adjudication of the merits of a claim is barred.

Accordingly, the Court will affirm the Board's decision.

### III.  CONCLUSION

After consideration of the appellant's and the Secretary's briefs, and a review of the record, the Board's June 16, 2005, decision is AFFIRMED.