﻿Citation Nr: AXXXXXXXX
Decision Date: 12/06/18 Archive Date: 12/06/18

DOCKET NO. 180921-397
DATE: December 6, 2018
ORDER
Service connection for seizure disorder is denied.
FINDINGS OF FACT
1. The Veteran had active service from February 1970 to February 1974.
2. A seizure disorder was not shown in service and is not causally or etiologically related to service. 
CONCLUSION OF LAW
A seizure disorder was not incurred in service. 38 U.S.C. §§ 1110, 5103(a), 5103A (2012); 38 C.F.R. §§ 3.159, 3.303 (2017).
REASONS AND BASES FOR FINDINGS AND CONCLUSION
On August 16, 2018, the Federal Circuit ordered the appeal of Procopio v. Wilkie, No. 17-1821 (U.S. Fed. Cir.). The order stated that the questions before the Federal Circuit included the following: “Does the phrase ‘served in the Republic of Vietnam’ in 38 U.S.C. § 1116 unambiguously include service in offshore waters within the legally recognized territorial limits of the Republic of Vietnam, regardless of whether such service included presence on or within the landmass of the Republic of Vietnam?” 
As of the date of this decision, Procopio is pending. As this appeal contains two issues, specifically entitlement to service connection for diabetes mellitus, type II, and Parkinson’s disease, that may be affected by the resolution of Procopio, the Board will “stay” or postpone action on those matters. The remaining issue on appeal is not affected and will be considered below.
Service Connection for a Seizure Disorder
With respect to the claim for a seizure disorder, on August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program 
The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. He timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 
Service connection may be granted on a direct basis as a result of disease or injury incurred in service based on nexus using a three-element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred in or aggravated by service. See 38 C.F.R. §§ 3.303(a), (d); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009). 
Service connection may be granted on a presumptive basis for certain diseases resulting from exposure to an herbicide agent (including Agent Orange) for veterans who, during active military, naval, or air service, served in the Republic of Vietnam between January 1962 and May 1975, so long as the requirements of 38 U.S.C. § 1116 and 38 C.F.R. § 3.307(a)(6)(iii) are met, and the rebuttable presumption provisions of 38 U.S.C. § 1113 and 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309 (e). The enumerated diseases which are associated with herbicide exposure do not include seizures. 38 C.F.R. § 3.309 (e). Therefore, presumptive service connection does not apply.
The Veteran contends that his seizure disorder is related to service. As an initial matter, in an August 2018 rating decision, the AOJ rendered a favorable finding that he began having seizures in 2004. Under RAMP, favorable findings made by the AOJ are binding on the Board. Therefore, a current disorder has been shown.
As to in-service incurrence, the service treatment records (STRs) do not show complaints of, treatment for, or a diagnosis of a seizure disorder. Specifically, the February 1974 separation examination reflects a normal neurologic evaluation. Similar normal neurological evaluations were noted in August 1975, October 1976, and September 1977 annual Reserve examinations. Further, in related August 1975 and October 1976 Reports of Medical History, he denied “epilepsy or fits.” 
In addition, when the Veteran filed his claim for seizures, he noted an onset of 2004, many years after discharge. Therefore, seizures were not shown in service or for some 30 years later. As such, the medical evidence does not support an in-service incurrence.
To the extent that the Veteran claims a nexus between service and his seizure disorder, as noted above, seizures are not entitlement to presumptive service connection due to herbicide exposure and the claim based on that theory of entitlement is denied. In addition, in an October 2012 VA seizure examination, the examiner diagnosed a seizure disorder that had been initially diagnosed in 2004. The examiner reflected that the seizures were felt to be secondary to frontal lobe atrophy which was due to diabetes. As such, it was not found to be directly related to service and the third element of direct service connection has not been met. There is no contradictory medical evidence of record.
To the extent that the Veteran contends that seizures were caused by service or by Parkinson’s disease (which is currently stayed pursuant to Procopio), he is competent to report symptoms because this requires only personal knowledge as it comes to him through his senses. Layno v. Brown, 6 Vet. App. 465, 469 (1994). However, he is not competent to offer an opinion as to the etiology of a seizure disorder due to the medical complexity of the matter involved. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Woehlaert v. Nicholson, 21 Vet. App. 456, 462. 
Such competent evidence has been provided by the medical personnel who have examined the Veteran during the current appeal and by service records obtained and associated with the claims file. Here, the Board attaches greater probative weight to the examination report and clinical findings than to his statements. 
As noted, the examiner found that seizures were secondary to frontal lobe atrophy due to diabetes, not as the Veteran’s contends to Parkinson’s disease. As such, the medical records are more probative than the Veteran’s lay assertions of a connection with service. In sum, after a careful review of the evidence, the benefit of the doubt rule is not applicable and the appeal is denied.
Finally, the Veteran has not raised any other issues, nor have any other issues been reasonably raised by the record, for the Board’s consideration. See Doucette v. Shulkin, 28 Vet. App. 366, 369-370 (2017) (confirming that the Board is not 
 
required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).
 
L. HOWELL
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD D. Ragofsky, Legal Clerk