﻿Citation Nr: AXXXXXXXX
Decision Date: 07/25/19 Archive Date: 07/25/19

DOCKET NO. 181004-3103
DATE: July 25, 2019

ORDER

Service connection for a bilateral eye disorder is denied.

FINDINGS OF FACT

1. The Veteran’s diagnosed eye disorders of presbyopia, myopia, and astigmatism are refractive errors of the eye and are not subject to service connection, and no disease or injury was superimposed upon such defects during service that resulted in additional disability.

2. A bilateral eye disorder other than a refractive error is not shown to be causally or etiologically related to any disease, injury, or incident during service.

CONCLUSION OF LAW

The criteria for service connection for a bilateral eye disorder have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 4.9.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from October 1981 to August 1992. She selected the Higher-Level Review lane when she submitted the RAMP election form in June 2018. Accordingly, the September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. In this regard, the Board notes that, in such decision, the Agency of Original Jurisdiction (AOJ) adjudicated the Veteran’s claim for service connection for a bilateral eye disorder on the merits despite the fact that such was previously denied. Consequently, it appears that the AOJ implicitly found that new and relevant evidence was received to warrant readjudication of such claim. Consequently, the Board is bound by such favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. In October 2018, the Veteran timely appealed this RAMP rating decision to the Board and requested Direct Review of the evidence considered by the AOJ. 

Entitlement to service connection for a bilateral eye disorder.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Service connection may also be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Direct service connection may not be granted without evidence of a current disability; in-service incurrence or aggravation of a disease or injury; and a nexus between the claimed in-service disease or injury and the present disease or injury. Id.; see also Caluza v. Brown, 7 Vet. App. 498, 506 (1995) aff’d, 78 F.3d 604 (Fed. Cir. 1996). 

Generally, service connection may not be granted for congenital or developmental defects, such as refractive error of the eyes, to include presbyopia, myopia, and astigmatism, as these are not considered a disease or injury for the purpose of determining service connection. See 38 C.F.R. §§ 3.303(c), 4.9; VAOPGCPREC 82-90 (July 18, 1990). However, service connection may be granted if a congenital defect is subject to a superimposed disease or injury during service which results in additional disability. Id. 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.R.F. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990). 

The Veteran contends that she has a current bilateral eye disorder that had its onset during her military service. Specifically, she reported that she began experiencing bilateral eye symptoms in 1982. As such, she claims that service connection for such disorder is warranted.

As an initial matter, in the September 2018 RAMP rating decision, the AOJ found that the Veteran’s service treatment records (STRs) indicated treatment for left eye pain and right eye scarring noted to be due to prior trauma, and a VA examination showed a right eye angioid streak and left eye cornea scar. The Board is bound by these favorable findings. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. 

In this regard, the Veteran’s STRs reflect that, upon her June 1981 entrance examination, she had bilateral visual acuity of 20/50 that corrected to 20/20. In this regard, it was noted that she had defective distant vision, which was not considered disqualifying. An October 1981 eye examination revealed right eye visual acuity of 20/80 and left eye visual acuity of 20/50, and corrective lens were prescribed. An undated STR reveals the Veteran’s complaint of chronic progressive left eye pain with photosensitivity. No history of trauma or a foreign body were noted. Physical examination demonstrated a possible scleral hemorrhage secondary to conjunctivitis, and an impression of eye pain and photosensitivity was provided. A September 1987 periodic examination revealed right eye visual acuity of 20/100 and left eye visual acuity of 20/60, both of which corrected to 20/20. A January 1988 STR reflects the Veteran’s complaints referable to both eyes in relation to nasal congestion with sore throat. An impression of pharyngitis was noted. A separate January 1988 STR shows that the Veteran’s visual history included a scar from trauma in the right eye. The Veteran’s July 1992 separation examination revealed bilateral visual acuity of 20/200 that corrected to 20/20, with a notation of defective visual acuity. It was further observed that she wore glasses. However, the Veteran denied experiencing eye trouble in an accompanying Report of Medical History.

The Veteran’s post-service treatment records reflect that, in August 2015, a diagnosis of presbyopia and a left cornea scar were rendered, and her problem list is also noted to include myopia and astigmatism. 

In June 2015, the Veteran was afforded a VA examination in connection with her claim. At such time, the examiner diagnosed angioid streaks in her right eye and a small scar out of visual axis in her left cornea. He further noted that the Veteran had uncorrected distance vision of 20/100 in the right eye and 20/70 in the left eye, and 20/20 vision corrected bilaterally. Additionally, with respect to the Veteran’s reports of blurred vision, light sensitivity, and tearing, the examiner found no basis for such complaints. He also found that none of the aforementioned complaints or diagnoses would lead to any functional impairment. Thereafter, the examiner reviewed the record in full, to include noting the aforementioned findings in the Veteran’s STRs, and opined that it was less likely than not that the Veteran’s claimed bilateral eye disorder was incurred in or caused by the claimed in-service injury, event, or illness. In this regard, he noted that the tiny scar was irrelevant as it was outside of the visual axis, and the Veteran had 20/20 vision in each eye (corrected).

The Board places great weight on the June 2015 VA examiner’s opinion as such considered all of the pertinent evidence of record, to include the relevant findings in the STRs, and provided a complete rationale, relying on and citing to the records reviewed. Moreover, the examiner offered clear conclusions with supporting data as well as reasoned medical explanations connecting the two. Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). Notably, there is no medical opinion to the contrary.

The Board has considered the Veteran’s statements that she has a bilateral eye disorder directly related to her military service; however, as a lay person, she does not have specialized training sufficient to render such an opinion. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis). In this regard, the etiology of an eye disorder is a matter not capable of lay observation and requires medical expertise to determine. Specifically, the question of etiology of such a disorder involves a medical subject concerning an internal physical process extending beyond an immediately observable cause-and-effect relationship as it requires the administration and interpretation of specialized testing involving the eye and knowledge of the visual system. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007) (explaining that while the claimant is competent in certain situations to provide a diagnosis of a simple condition such as a broken leg or varicose veins, the claimant is not competent to provide evidence as to more complex medical questions). Accordingly, the Veteran’s opinion as to the etiology of her bilateral eye disorder is not competent evidence and, therefore, is afforded no probative weight. 

Consequently, the Board finds that the Veteran’s diagnosed eye disorders of presbyopia, myopia, and astigmatism are refractive errors of the eye and are not subject to service connection, and no disease or injury was superimposed upon such defects during service that resulted in additional disability. In this regard, the Board observes that, while the Veteran’s STRs reflect a worsening of her bilateral visual acuity over time, they are negative for any disease related to the eyes, or an injury to the eyes, nor does the Veteran report such in-service events. Furthermore, a bilateral eye disorder other than a refractive error is not shown to be causally or etiologically related to any disease, injury, or incident during service. Therefore, service connection for a bilateral eye disorder is not warranted. 

In reaching such decision, the Board has considered the applicability of the benefit of the doubt doctrine. However, the preponderance of the evidence is against the Veteran’s claim of entitlement to service connection for a bilateral eye disorder. As such, that doctrine is not applicable in the instant appeal, and her claim must be denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert, supra. 

 

A. JAEGER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Koria B. Stanton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.