﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 191120-44792
DATE: December 31, 2020

ORDER

Service connection for bilateral hearing loss is denied.

Service connection for tinnitus is granted.

FINDINGS OF FACT

1. The Veteran’s current bilateral hearing loss disability was not incurred in service. 

2. Tinnitus was incurred in service.

CONCLUSIONS OF LAW

1. The criteria to establish service connection for bilateral hearing loss have not been satisfied. 38 U.S.C. §§ 1110, 1131, 5107 (b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309, 3.385 (2019).

2. The criteria to establish service connection for tinnitus have been satisfied. 38 U.S.C. §§ 1110, 1131, 5107 (b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from October 1986 to October 1990.

The rating decision on appeal was issued in August 2019. In August 2019 the Veteran selected the Higher Level Review (HLR) docket for this appeal. However, in October 2019 and before the issuance of a rating decision based on the HLR claim, the Veteran submitted a Supplemental Claim along with a personal statement. 

In October 2019 the RO issued a rating decision based on the Veteran’s HLR claim, and in November 2019 the RO issued a rating decision based on the Veteran’s Supplemental Claim. 

In November 2019 the Veteran submitted Form 10182 (Notice of Disagreement) and selected the Direct Review docket, which allows the Board to review only the evidence considered by the AOJ. Since the Veteran filed a Supplemental Claim prior to the issuance of a rating decision based on the HLR, the Supplemental Claim is not justiciable and the RO erred in issuing the November 2019 rating decision. Therefore, there is no need to consider new and relevant evidence, and the Board will review the evidence in the record prior to the issuance of October 2019 rating decision based on the Veteran’s August 2019 HLR claim. 

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d); see Combee v. Brown, 34 F.3d 1039, 1043 (Fed. Cir. 1994).

Service connection for impaired hearing is subject to the requirements of 38 C.F.R. § 3.385, which provides that impaired hearing will be considered to be a disability only if at least one of the thresholds for the frequencies of 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; the thresholds for at least three of the frequencies are greater than 25 decibels; or speech recognition scores using the Maryland CNC Test are less than 94 percent. See Hensley v. Brown, 5 Vet. App. 155 (1993).

Tinnitus is defined as a ringing in the ears, and it is a disorder that is uniquely identifiable by the senses of the person experiencing it. It is a condition that is “simple” in nature in that respect, and thus, is a disability that can be diagnosed by the person experiencing the condition. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). That is, the confirmation of the existence of tinnitus does not require any particular medical expertise (i.e. is not “complex” in nature), and assuming the allegations of the Veteran are credible, testimonial evidence of an origin of the condition in service can be used to support a claim for service connection.

Certain disorders listed as “chronic” in 38 C.F.R. § 3.309 (a) and 38 C.F.R. § 3.303 (b) are capable of service connection based on a continuity of symptomatology without respect to an established causal nexus to service. See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Sensorineural hearing loss and tinnitus, as organic diseases of the nervous system, are “chronic” diseases under 38 C.F.R. § 3.309 (a). Therefore, the presumptive service connection provisions based on “chronic” in-service symptoms and “continuous” post-service symptoms under 38 C.F.R. § 3.303 (b) apply. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Where the evidence shows a “chronic disease” in service or “continuity of symptoms” after service, the disease shall be presumed to have been incurred in service. 38 C.F.R. § 3.303 (b). 

Additionally, where a veteran served ninety days or more of active service, and certain chronic diseases, such as sensorineural hearing loss and/or tinnitus, become manifest to a degree of 10 percent or more within one year after the date of separation from such service, such disease shall be presumed to have been incurred in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309 (a). While the disease need not be diagnosed within the presumptive period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. Id.

In deciding an appeal, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination about the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994). 

When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether a veteran’s disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011); see also Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). A veteran is competent to report symptoms because this requires only personal knowledge, not medical expertise, as it comes to him through his senses. See Layno, 6 Vet. App. 465, 469. Lay testimony is competent to establish the presence of observable symptomatology, where the determination is not medical in nature and is capable of lay observation. Barr v. Nicholson, 21 Vet. App. 303 (2007). Lay evidence may establish a diagnosis of a simple medical condition, a contemporaneous medical diagnosis, or symptoms that later support a diagnosis by a medical professional. Jandreau, 492 F.3d 1372, 1377.

In deciding claims, it is the Board’s responsibility to evaluate the entire record on appeal. See 38 U.S.C. § 7104 (a). When all the evidence is assembled, the Board is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether the preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Entitlement to service connection for bilateral hearing loss

In the October 2019 rating decision, the AOJ found that the Veteran incurred acoustic trauma during service and that he has a current hearing loss disability. The Board is bound by these favorable findings. See 38 C.F.R. § 3.104 (c).

Service treatment records (STRs) indicate the Veteran demonstrated hearing within normal limits at his October 1986 audiological examination at enlistment. Periodic audiological examinations in July 1987, June 1998, June 1989 and September 1990 all indicate hearing within normal limits, with no significant threshold shift (STS) of at least a 15 dB change at the 500, 1000, 2000, 3000, or 4000 Hertz frequencies. On his October 1990 report of medical history at separation, the Veteran indicated he “did not know” if he experienced hearing loss. His separation audiological examination indicated hearing within normal limits with no STS.

At the July 2019 VA medical examination, the Veteran described the details of his in-service noise exposure, and reported asking people to repeat themselves during conversations. He also reported using hearing protection for post-service noise exposure such as when using the lawnmower. The examiner diagnosed the Veteran with mild bilateral sensorineural hearing loss. The examiner opined that the Veteran’s STRs do not indicate that he sustained acoustic trauma from his military hazard noise exposure because he did not experience a permanent positive threshold shift between 500 and 6000 Hz during service, and that therefore his current hearing loss disability was less likely incurred in service. 

The preponderance of the evidence is against finding service connection for bilateral hearing loss. There is no probative medical evidence that indicates the Veteran’s current bilateral sensorineural hearing loss disability was incurred in service, to include his recognized acoustic trauma.

The Veteran has continuously asserted throughout the appeal that his current hearing loss disability is a result of in-service noise exposure. In an October 2019 statement the Veteran reported noticing his hearing loss soon after discharge from service. He described needing to change positions during conversations in order to hear out of his left ear because his right ear demonstrated significantly weaker hearing. The Veteran is competent to report observable symptomatology of his condition and to relate a contemporaneous medical diagnosis. See Layno, 6 Vet. App. 465, 469; see also Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, while the Veteran has attempted to establish a nexus through his own lay assertions, the Veteran is not competent to offer opinions as to the etiology of his current hearing loss disability. See Jandreau, 492 F.3d 1372, 1377 n.4; Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007). Sensorineural hearing loss requires specialized training for determinations as to diagnosis and causation, and is therefore not susceptible to lay opinions on etiology. Thus, the Veteran is not competent to render such a nexus opinion or attempt to present lay assertions to establish a nexus between his current diagnosis and its relationship to his service. 

Since the Veteran’s current bilateral hearing loss disability was not incurred in service, the claim for service connection is denied. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).

2. Entitlement to service connection for tinnitus

In the October 2019 rating decision, the AOJ found that the Veteran incurred acoustic trauma during service and that he has a current tinnitus disability. The Board is bound by these favorable findings. See 38 C.F.R. § 3.104 (c).

At the July 2019 VA medical examination, the Veteran reported the onset of tinnitus during service that had worsened since discharge. The examiner opined that since the Veteran’s STRs do not indicate the Veteran sustained acoustic trauma or complained of tinnitus during service, and post-service medical evidence does not indicate the Veteran complained of tinnitus within the presumptive period after discharge, it was less likely than not that his tinnitus was caused by or the result of his acknowledged military noise exposure. 

In an October 2019 statement the Veteran reported experiencing “ringing” and “buzzing” during service and that he used background noise to minimize the impact of his tinnitus while falling sleep. He further stated that his tinnitus had worsened since service to include noticeable buzzing during the day or when concentrating on a task. 

The claim for service connection for tinnitus is granted. The Veteran is credible in his reports of the onset of tinnitus during service. 

Affording the Veteran the benefit of the doubt, the claim for tinnitus is granted. 

 

 

Vito A. Clementi

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Anwar, Attorney-Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.