﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200226-66906
DATE: January 29, 2021

ORDER

Entitlement to service connection for hemorrhoids is denied.

FINDING OF FACT

The most competent, credible, and probative evidence of record weighs against a finding that the current diagnosis of hemorrhoids is related to the Veteran’s active service. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for hemorrhoids have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 2000 to June 2003. 

By way of procedural history, the Board notes that, in an April 2019 rating decision, the agency of original jurisdiction (AOJ) denied entitlement to service connection for hemorrhoids. In May 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of the April 2019 rating decision. In June 2019, the Veteran was afforded an informal conference, after which the AOJ corrected a duty to assist error that was identified during HLR. In November 2019, the AOJ issued another HLR decision; the decision currently on appeal, which considered the evidence of record at the time of the June 2019 supplemental rating decision. 

In a February 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

1. Entitlement to service connection for hemorrhoids

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 U.S.C. § 3.303. Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires competent evidence of the following: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. See Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009).

During the June 2019 informal conference, the Veteran reported that his hemorrhoid condition began during service and that he continues to experience rectal bleeding. 

The AOJ found that the evidence shows that a qualifying event, injury, or disease had its onset during service and, in this regard, noted that an October 2000 service treatment record (STR) notes treatment for rectal bleeding and a perirectal abscess during service. The AOJ also found that the Veteran has a current diagnosis of external hemorrhoids, as reflected in the February 2019 VA examination. 

Therefore, the question in this case is whether a causal relationship or nexus exists between the Veteran’s current diagnosis of external hemorrhoids and his active military service. 

After reviewing the evidence of record, the Board finds the preponderance of the evidence is against a finding that a causal relationship or nexus exists. 

As noted, the STRs reflect that, in October 2000, the Veteran sought treatment for a bump on his anus that had been bleeding for one week. While clinicians noted that he was initially seen for rectal bleeding, physical examination revealed a perirectal abscess that was draining and tender, for which clinicians performed incision and drainage and prescribed medication, quarters for 48 hours, and followup. During followup, two other fistulous openings were visible, for which the Veteran was prescribed sitz baths, showers, and continued use of antibiotics. See STRs dated October 2000. Subsequent followup revealed that the Veteran’s wounds were closing and healing well and, in November 2000, clinicians noted that the perirectal abscess was healed with no masses or tenderness, except for a small area of denuded skin for which he was prescribed bacitracin. See STRs dated November 2000. The November 2000 STR reflects that the Veteran was to be rechecked for further symptoms but the STRs do not contain any subsequent complaint or treatment for continued or recurrent symptoms of rectal bleeding, perirectal abscess, or skin problems during service.

While the claims file contains VA treatment records dated from January 2004, the first post-service medical evidence of treatment for hemorrhoids is reflected in a February 2018 VA treatment record. Nevertheless, the Veteran has asserted that he has experienced persistent rectal bleeding with blood in his stool and with wiping since service. In this regard, the Veteran has confirmed that he did not seek treatment after service until February 2018 when he realized that he could access VA care and, at that time, he reported having bloody stool at times, which he stated he thought may be hemorrhoids. Clinical evaluation confirmed the presence of two external, non-inflamed hemorrhoids. See February 2019 VA examination; February 2018 VA treatment record. 

The Veteran has consistently asserted that he has had hemorrhoids since service. See e.g., January 2019 VA Form 21-526EZ; May 2019 Veteran statement; May 2019 VA treatment record. The Veteran is competent to report symptoms he has experienced since service, including bleeding, which is capable of lay observation. See Layno v. Brown, 6 Vet. App. 465 (1994). Moreover, his reported symptoms cannot be discredited by the mere absence of contemporaneous clinical evidence. See Buchanan v. Nicholson, 451 F.3d 1331, 1336 (2006). Accordingly, the Veteran’s assertions of having rectal bleeding since service is competent evidence, and the Board has no reason to doubt the credibility of his assertions. Therefore, there is competent and credible lay evidence of rectal bleeding since service. 

There remains, however, a question of whether the Veteran’s assertion of rectal bleeding is sufficient to establish a diagnosis of hemorrhoids. The Board notes that hemorrhoids are a disability that is associated with symptoms that are capable of lay observation and, while a veteran is competent in certain situations to provide a diagnosis of a simple condition, such as a broken leg or varicose veins, the Veteran is not competent to provide a diagnosis of more complex medical conditions. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). In this regard, the Board notes that hemorrhoids may be internal or external, which requires medical observation and testing to identify. In addition, although rectal bleeding may be a sign of hemorrhoids, it may also be indicative of another condition. Therefore, the Board concludes that hemorrhoids are not the kind of disability that is capable of lay diagnosis. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007) (noting general competence to testify as to symptoms but not to provide medical diagnosis).

In this context, the Board notes that, in June 2019, a VA physician opined that there is no sufficient medical evidence to demonstrate that the Veteran’s current hemorrhoids occurred in service. In making this determination, the VA physician noted that a perirectal abscess was treated during service, which is an acute, infected rectal condition that does not develop into external hemorrhoids. He also noted that the perirectal abscess was treated by incision and drainage and was resolved during service. The VA physician further noted that there is no evidence of treatment for a hemorrhoidal condition during service and that the evidence shows he was diagnosed with rectal bleeding and external hemorrhoids in 2018, many years after service. Given the foregoing, the VA physician opined that the Veteran’s external hemorrhoids are less likely than not incurred in or caused by the claimed in-service injury, event, or illness. See June 2019 VA opinion.

The June 2019 VA opinion is considered the most competent, credible, and probative evidence regarding whether the Veteran’s current hemorrhoids are related to the symptoms and diagnosis of a perirectal abscess he experienced during service. The VA examiner based his conclusion on consideration of the relevant lay and medical evidence and provided a complete rationale in support of his opinion which, notably, distinguished the post-service diagnosis of hemorrhoids from the perirectal abscess treated during service. Because the June 2019 VA opinion is based upon consideration of all relevant facts in this case and there is no opposing medical opinion or evidence of record that suggests the Veteran’s current diagnosis of hemorrhoids is related to his military service, to include the perirectal abscess treated therein, the VA opinion is afforded significant probative value. 

In evaluating this claim, the Board acknowledges the Veteran’s assertion that he has experienced rectal bleeding since service, as well as his belief that his current hemorrhoids are related to the symptoms he experienced during service. However, opinions regarding the etiology of medical conditions that require medical observation, knowledge, and expertise are complex and generally beyond the competency of a lay witness. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). In this case, while the STRs show the Veteran experienced bleeding and drainage from a perirectal mass or abscess during service, a medical professional has distinguished the acute, infected rectal condition he experienced during service from the symptoms of rectal bleeding that have manifested since service and been attributed to the current diagnosis of external hemorrhoids. The evidence does not reflect, nor has the Veteran alleged, that he has any medical education, experience, or training; nor has he offered any basis in common lay knowledge to support his opinion or identified any medical evidence to support his assertions. Therefore, the Veteran’s statements and beliefs in this regard are not considered more persuasive than the June 2019 VA opinion. 

(Continued on the next page)

 

Based on the foregoing, the Board finds the preponderance of the evidence is against a finding that the Veteran’s current diagnosis of hemorrhoids was incurred during or as a result of his military service. As such, service connection for hemorrhoids is denied and the benefit of the doubt doctrine is not applicable.

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Turnipseed, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.