Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 181219-2684
DATE: September 30, 2021

ORDER

Entitlement to a rating higher than 0 percent for bilateral hearing loss is denied.

FINDING OF FACT

Throughout the period of appeal, the Veteran had, at worst, Level II hearing loss in the right ear and Level II hearing loss in the left ear.

CONCLUSION OF LAW

The criteria for entitlement to a rating higher than 0 percent for bilateral hearing loss have not been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 3.385, 4.1-4.14, 4.85, 4.86, Diagnostic Code 6100.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from August 1963 to October 1967. 

A June 2016 rating decision established service connection for bilateral hearing loss and assigned a 0 percent rating, effective March 10, 2016. In August 2016, the Veteran filed a notice of disagreement. In May 2018, the Veteran opted into Rapid Appeals Modernization Program (RAMP), selecting a higher-level review. Subsequently, in a December 2018 RAMP rating decision, VA continued a 0 percent rating for hearing loss. In December 2018, the Veteran submitted another Ramp opt-in form, to appeal to the Board and selected the hearing docket. 

In April 2021, the Veteran filed a claim for increased rating for bilateral hearing loss. Subsequently a May 2021 rating decision continued a 0 percent rating for bilateral hearing loss. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2021 rating decision by the Department of Veterans Affairs (VA) RO.

In June 2021, the Veteran appeared at a virtual hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript is of record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c); 38 U.S.C. § 7107(a)(2).

1. Entitlement to a rating higher than 0 percent for bilateral hearing loss

Ratings for hearing loss range from 0 to 100 percent based on organic impairment of hearing acuity as measured by the results of speech discrimination tests combined with the average hearing threshold levels as measured by pure tone audiometry tests in the frequencies 1000, 2000, 3000, and 4000 Hertz. To rate the degree of disability for hearing loss, the Rating Schedule has established eleven auditory acuity levels, designated from Level I, for essentially normal acuity, through Level XI, for profound deafness. 38 C.F.R. § 4.85 (h), Table VI. The assignment of disability ratings for hearing impairment is derived by a mechanical application of the Rating Schedule to the numeric designations assigned after audiometric evaluations are performed. Lendenmann v. Principi, 3 Vet. App. 345 (1992).

The criteria for rating hearing impairment use controlled speech discrimination tests (Maryland CNC) together with the results of pure tone audiometry tests. The results are charted on Table VI, or Table VIA in exceptional cases as described in 38 C.F.R. § 4.86, and Table VII. 38 C.F.R. § 4.85. An exceptional pattern of hearing loss occurs when the pure tone threshold at 1000, 2000, 3000, and 4000 Hertz is 55 decibels or more, or when the pure tone threshold is 30 decibels or less at 1000 Hertz and 70 decibels or more at 2000 Hertz. 38 C.F.R. § 4.86. In the cases with exceptional patterns of hearing loss, the Roman numeral value is determined using both Table VI and VIA and whichever table results in a higher Roman numeral value is used to calculate a rating using Table VII. 38 C.F.R. § 4.86.

At a May 2016 VA examination, the Veteran's pure tone thresholds, in decibels, were: 

 HERTZ

 1000 2000 3000 4000

RIGHT 25 25 40 50

LEFT 25 35 35 40

Maryland CNC word recognition was 86 percent in the right ear and 88 percent in the left ear. The Board notes that neither ear displays an exceptional pattern of hearing loss by regulation. Thus, Table VI will be used to determine the appropriate rating. 38 C.F.R. § 4.86(a). Applying the results for the Veteran's right ear to Table VI shows that he had, at worst, Level II hearing loss, as shown by the VA examination results. Under Table VI, the left ear had, at worst, Level II hearing loss, as shown by the VA examination results. Applying Level II for the right ear and Level II for the left ear results in a 0 percent rating. 38 C.F.R. § 4.85. Therefore, the Board finds that the preponderance of the evidence is against the assignment of any higher rating.

At a May 2021 VA examination, the Veteran's pure tone thresholds, in decibels, were: 

 HERTZ

 1000 2000 3000 4000

RIGHT 25 30 50 65

LEFT 25 30 50 65

Maryland CNC word recognition was 98 percent in the right ear and 100 percent in the left ear. During the examination, the audiologist described the functional effects of the Veteran's hearing loss on daily activities. 38 C.F.R. § 4.10; Martinak v. Nicholson, 21 Vet. App. 447 (2007). Specifically, the Veteran stated he finds himself looking at people trying to find out what they said, and he has to constantly asked his wife what is said on the TV and radio. "Everyone is always yelling at me about the TV."

The Board notes that neither ear displays an exceptional pattern of hearing loss by regulation. Thus, Table VI will be used to determine the appropriate rating. 38 C.F.R. § 4.86(a). Applying the results for the Veteran's right ear to Table VI shows that he had, at worst, Level II hearing loss, as shown by the VA examination results. Under Table VI, the left ear had, at worst, Level II hearing loss, as shown by the VA examination results. Applying Level II for the right ear and Level II for the left ear results in a 0 percent rating. 38 C.F.R. § 4.85. Therefore, the Board finds that the preponderance of the evidence is against the assignment of any higher rating.

At a June 2021 hearing, the Veteran described problems with hearing and contended that his hearing was worse than rated.

The Board in no way discounts the difficulties that the Veteran experiences as a result of bilateral hearing loss. However, it must be emphasized that the assignment of ratings for hearing impairment is derived by a mechanical application of the rating schedule to the numeric designation assigned after audiometry results are obtained. The Board has no discretion in this matter and must predicate its determination on the basis of the results of the audiology studies of record. Lendenmann v. Principi, 3 Vet. App. 345 (1992). The Board is bound by law to apply VA's rating schedule based on the Veteran's audiometry results. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

The rating criteria contemplate speech reception thresholds and ability to hear spoken words on Maryland CNC testing. The functional impact that the Veteran describes, is contemplated by the rating criteria. Doucette v. Shulkin, 28 Vet. App. 366 (2017). The Veteran's main complaint is reduced hearing acuity and clarity, which is what is contemplated in the rating assigned. Rossy v. Shulkin, 29 Vet. App. 142 (2017).

Lay persons are competent to provide opinions on some medical issues. Kahana v. Shinseki, 24 Vet. App. 428 (2011). However, in this case, a lay opinion falls outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). To the extent that the Veteran contends that his hearing loss is more severe than currently rated, while he is competent to report symptoms such as difficulty understanding speech or audio, he is not competent to report that his hearing acuity is of sufficient severity to warrant a certain percentage rating because such an opinion requires medical expertise and training in evaluating hearing impairment, which he does not possess, and the use of audiometric equipment. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Woehlaert v. Nicholson, 21 Vet. App. 456 (2007).

Based upon the results from the VA examination, the Board finds that the criteria for a higher rating for bilateral hearing loss have not been met. 38 C.F.R. §§ 4.85, 4.86. The Board finds that the preponderance of the evidence is against the claim for a higher rating, and the claim must be denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

Harvey P. Roberts

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Sonya S. Tsao, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.