﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/31/19

DOCKET NO. 190402-7850
DATE: December 31, 2019

ORDER

Entitlement to service connection for a left shoulder condition is denied.

Entitlement to service connection for a lower back condition is denied.

Entitlement to service connection for a neck condition is denied.

Entitlement to service connection for a bilateral kidney condition is denied.

FINDINGS OF FACT

1. The Veteran’s left shoulder impingement syndrome with arthritis was not present during service, or for years thereafter, and was not caused by any incident of service.

2. The Veteran’s degenerative arthritis of the lumbar spine condition was not present during service, or for years thereafter, and was not caused by any incident of service.

3. The Veteran’s degenerative disc disease of the cervical spine with radiculopathy was not present during service, or for years thereafter, and was not caused by any incident of service.

4. The preponderance of the competent medical and other evidence of record is against a finding that the Veteran’s current bilateral kidney condition was incurred in service or otherwise the result of active service, or that it was caused or aggravated by chemical exposure during service.

CONCLUSIONS OF LAW

1. The criteria for entitlement to service connection for a left shoulder condition have not been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

2. The criteria for entitlement to service connection for a lower back condition have not been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

3. The criteria for entitlement to service connection for a neck condition have not been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

4. The criteria for entitlement to service connection for a bilateral kidney condition have not been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from February 1976 to February 1979. The Veteran’s decorations include the Parachute Badge.

The Board notes that the rating decision on appeal was issued in September 2017. In August 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system in August 2018 by submitting a Rapid Appeals Modernization Program (RAMP) election form. However, for the benefit of the Veteran, the March 2019 AMA rating decision transitioned the Veteran’s May 2018 notice of disagreement into the Supplemental Lane as of November 2, 2018. The Veteran timely appealed the March 2019 AMA rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

To establish service connection for a claimed disorder, the following criteria must be met: (1) medical evidence of a current disability; (2) evidence of an in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and current disability. 38 C.F.R. § 3.303; see also Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Hickson v. West, 12 Vet. App. 247, 253 (1999).

Determinations as to service connection will be based on review of the entire evidence of record, to include all pertinent medical and lay evidence, with due consideration to VA’s policy to administer the law under a broad and liberal interpretation consistent with the facts in each individual case. 38 U.S.C. § 1154(a); 38 C.F.R. § 3.303(a).

1. Entitlement to service connection for a left shoulder condition.

2. Entitlement to service connection for a lower back condition.

3. Entitlement to service connection for a neck condition.

The Veteran contends that his left shoulder condition, lower back condition, and neck condition are related to service. Specifically, the Veteran asserts that service connection is warranted as his disabilities resulted from an in-service parachute jump incident. During the incident, the Veteran’s static line became tangled and wrapped around his neck and left arm causing him to hit his back against the airplane before he was able to break free. See Veteran Statement, August 2017.

The AOJ found that the Veteran has a current diagnosis of left shoulder impingement syndrome with arthritis, degenerative arthritis of the spine, and cervical disc disease with radiculopathy. The AOJ also found that the Veteran is in receipt of a Parachute Badge and service treatment records dated March 29, 1978 note that the Veteran caught his arm in a line during a parachute jump. 

The question in this case is whether a causal relationship or nexus exists between the Veteran’s diagnosed conditions and his active service. 

Service treatment records show no diagnosis or treatment for the Veteran’s conditions. However, the records do show that the Veteran reported pain in various areas, including the left shoulder in March 1978 after the parachute jump incident occurred. 

Medical treatment records show that the Veteran continued to experience symptoms for decades after service. In August 2017, the Veteran reported with occasional and worsening pain in the left shoulder. He stated that the pain had been present for five months and described the pain as aching and aggravated with movement. Associated symptoms noted at the time were decreased mobility, joint instability, spasms, and swelling. 

At the January 2018 VA examination, the Veteran reported pain in the shoulder and arm, which started after jumping out of an airplane during his military training. The examiner diagnosed the Veteran with shoulder impingement syndrome. For the back condition, the Veteran reported symptoms of back pain and chest pain at a level eight on a scale of one to ten. He described the pain as shooting and stated that the pain keeps him up at night. The examiner diagnosed the Veteran with intervertebral disc syndrome and noted that the lower and upper back pain the Veteran experiences can be caused by trauma. For the neck condition, the Veteran reported with pain that started after the parachute jump incident during military training. He described his pain as radiating to the neck from the head and the pain can worsen to the point where he cannot bend his neck. The examiner diagnosed the Veteran with cervical disc disorder with radiculopathy.

For all three conditions, the January 2018 VA examiner concluded that the conditions were less likely than not incurred in or caused by the parachute jump incident because there was no in-service diagnosis supporting the claimed conditions.

At the March 2018 VA examination, the examiner reviewed the Veteran’s service treatment records and noted that an x-ray of the left humerus taken at the time of the incident in March 1978 was normal and no diagnosis or treatment was given. The separation exam dated January 1979 was silent for complaints of a left shoulder condition and medical records show no treatment or complaints of a left shoulder condition until August 2017. Based on the evidence of record and examination of the Veteran, the examiner concluded that the Veteran’s left shoulder condition was less likely than not incurred in or caused by the parachute jump incident. The examiner indicated that the condition during service was acute only, and as there is no evidence of chronicity of care, a nexus has not been established. 

At the January 2019 VA examination, the Veteran reported pain in the shoulder at a level eight on a scale of one to ten. The examiner diagnosed the Veteran with a shoulder strain and degenerative arthritis of the left shoulder. In regard to his back condition, the Veteran complained of low back pain that started after he hit his back against an airplane during a parachute jump incident. The Veteran reported that it is hard to bend over, hard to climb stairs, and hard to lift things. The examiner diagnosed the Veteran with degenerative arthritis of the lumbar spine. For his neck condition, the Veteran reported pain, which began during service after the parachute jump incident. He also reported functional loss, and the feeling of numbness in the upper extremities. The examiner diagnosed the Veteran with moderate degenerative cervical spondylosis.

For all three conditions, the January 2019 VA examiner concluded that the Veteran’s conditions were less likely than not incurred in or caused by an in-service event or injury but instead are more likely due to aging as it has been 40 years since the date of separation from service. 

In February 2019, the same physician reviewed x-rays for the three conditions from January 2019 and reiterated the same conclusion, specifically mentioning that the service treatment records from the time of the claimed incident did not note fracture or laceration, but simply a large hematoma. 

The Board observes that the medical evidence does not suggest that the Veteran’s claimed left shoulder condition, lower back condition, and neck condition are related to his period of service. In fact, the medical evidence provides negative evidence against this finding, indicating that any left shoulder condition, lower back condition, and neck condition began many years after service, without any relationship to any incident of service.

The Veteran has asserted that his left shoulder condition, lower back condition, and neck condition had their onset during his period of service. The Board observes that while the Veteran is competent to report symptoms as to those claimed disabilities, during service, or after service, he is not competent to diagnose his claimed disabilities as related to service. See Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007) (lay evidence can be competent and sufficient to establish a diagnosis of a condition when a layperson is competent to identify the medical condition, or reporting a contemporaneous medical diagnosis, or the lay testimony describing symptoms at the time supports a later diagnosis by a medical professional); see also Buchanan v. Nicholson, 451 F.3d. 1331 (Fed. Cir. 2006) (lay evidence is one type of evidence that must be considered and competent lay evidence can be sufficient in and of itself). 

Here, however, the contemporaneous medical and lay evidence is not consistent with this account, and indeed, there is no corroborating lay or medical evidence consistent with an onset of left shoulder, low back or neck problems since service. Thus, the weight of the competent evidence shows that the Veteran’s claimed left shoulder condition, lower back condition, and neck condition began years after his period of service and was not caused by any incident of service. Such disorders were neither incurred in nor aggravated by service. 

In sum, the preponderance of the evidence is against the claims for entitlement to service connection for a left shoulder condition, lower back condition, and neck condition; there is no doubt to be resolved; and service connection is not warranted. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

4. Entitlement to service connection for a bilateral kidney condition.

The Veteran is seeking service connection for his bilateral kidney condition. He contends that his kidney condition developed due to numerous airborne jumps with hard landings on his stomach and sides. In the alternative, the Veteran contends that his kidney condition developed due to chemicals that were sprayed or used to clean equipment during service. See Notice of Disagreement, October 2017.

The AOJ found that the Veteran has a current diagnosis of renal disease. And that the Veteran is in receipt of a Parachute Badge.

The Board finds that the weight of the lay and medical evidence is against finding that symptoms of end stage renal disease were continuous after service separation or that symptoms began to manifest to a compensable degree within one year of service separation. During service, treatment records are silent as to symptoms or diagnoses of a kidney condition. Treatment records continue to be silent until 2017 when the medical treatment records note that the Veteran receives dialysis treatments. 

In January 2019, the Veteran was afforded a VA examination for his kidney condition where it was noted that the Veteran was diagnosed with end stage renal disease I (ESRD) in 2018. After reviewing the Veteran’s file and conducting an examination, the examiner concluded that the Veteran’s bilateral kidney condition was less likely than not incurred in or caused by an in-service injury, event, or illness. The examiner rationalized that the Veteran’s non-service-connected hypertension is more likely the cause since hypertension is frequently a cause of ESRD. 

Further, while service connection may be established by competent and credible lay evidence provided by the Veteran, the Board finds that the question regarding the potential relationship between the Veteran’s bilateral kidney condition and his in-service parachute jumps to be complex in nature. Although lay persons are competent to provide opinions on some medical issues and report symptoms of pain, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the Veteran is not competent to provide evidence as to more complex medical questions. Woehlaert v. Nicholson, 21 Vet. App. 456 (2007). The Veteran does not possess the medical knowledge to attribute his kidney condition to in-service injuries or events. Therefore, the Veteran’s contention that his bilateral kidney condition is related to his in-service parachute jumps is not competent and consequently less probative than the medical evidence of record.

As to the contention of chemical exposure during service, the Board finds that the record is silent for events of chemical exposure or signs or symptoms of illnesses during service that could be caused by chemical exposure. 

As the most probative evidence of record shows that the Veteran’s bilateral kidney condition is not related to service or a service-connected disability, the preponderance of the evidence is against the claim, and service connection for a bilateral kidney condition is denied. 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Sara Leigh, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.