﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200203-60362
DATE: December 31, 2020

ORDER

Entitlement to service connection for gastroesophageal reflux disease (GERD) is denied.

FINDING OF FACT

The Veteran’s GERD did not manifest on active duty or active duty for training or was aggravated on active duty or active duty for training, and is not caused by any aspect of service.

CONCLUSION OF LAW

The criteria for service connection for GERD have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Navy from August 1965 to March 1969, and in the United States Army from December 2001 to December 2003 with additional Reserve service until retirement in 2006. 

This matter comes before the Board of Veterans’ Appeals (Board) from a January 2020 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO).

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law, which went into effect on February 19, 2019, creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran filed VA Form 10182 in February 2020, opting into the AMA appeal process and requesting the Direct Review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection

Service connection may be granted for a disability resulting from personal injury suffered or disease contracted in the line of duty. 38 U.S.C. §§ 1110, 38 C.F.R. §§ 3.303, 3.304. Service connection may also be granted for any injury or disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease or injury was incurred in service. 38 C.F.R. § 3.303(d).

Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

If the evidence is competent, the Board must then determine if the evidence is credible, or worthy of belief. See Barr v. Nicholson, 21 Vet. App. 303, 308 (2007). After determining the competency and credibility of evidence, the Board must then weight its probative value. In this regard, the Board may properly consider internal inconsistency, facial plausibility, and consistency with other evidence submitted on behalf of the claimant. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995). 

The Veteran is competent to provide testimony concerning factual matters of which he has firsthand knowledge, such as experiencing a physical symptom such as pain. Barr v. Nicholson, 21 Vet. App. 303 (2007). Further, under certain circumstances, lay statements may support a claim for service connection by supporting the occurrence of lay-observable events or the presence of disability, or symptoms of disability, susceptible of lay observation. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Jandreau, 492 F.3d 1372 (holding that a layperson is competent to identify a simple condition such as a broken leg). 

Nevertheless, a veteran is not competent to provide evidence as to more complex medical questions and, specifically, is not competent to provide an opinion as to etiology in such cases. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007); see also 38 C.F.R. § 3.159 (a)(2).

Service connection for gastroesophageal reflux disease (GERD)

The Veteran contends that his GERD was caused by, or was due to, his military service. 

A review of the Veteran’s service treatment records (STRs) do not show any complaint, diagnosis or treatment for GERD or any related symptoms prior to February 2002 when the Veteran sought treatment for sinus congestion and headache. A clinician noted the Veteran’s report of a history of reflux and the current use of Prilosec. There were no notations regarding the onset or cause for reflux or that the medication was prescribed by a military clinician. See #1 and #2 April 2007 STR-Medical. The Veteran continued with Reserve service until retirement in 2006. 

The first instance of GERD appearing in the Veteran’s post-service record comes from a June 2007 VA primary care note which showed GERD as an on-going medical problem. The Veteran sought initial VA primary care treatment but also reported that he had undergone private endoscopies and was continuing with private primary care. He did not identify the private care providers so that records of the onset and private care could be obtained. 

In October 2019, the Veteran submitted his claim of service connection for GERD. In doing so, the Veteran did not submit any evidence, lay or medical, that would indicate that his GERD began in service or was caused by service. The Veteran’s claim was denied by the RO in January 2020 but the RO made the favorable finding that the Veteran had a diagnosis of GERD. 

The Veteran submitted VA Form 10182 in February 2020, opting for direct review. While doing so, the Veteran’s attorney called attention to the February 2002 entry in the STR contending only that the Veteran was taking “Prilosec, a known medication for GERD.” See February 2020 Third Party Correspondence. 

The Board may only consider evidence available as of the January 2020 decision that is on direct review. A review of the record does not show any treatment for, or diagnosis of, GERD while in service. To the contrary, a November 1992 report of medical examination provided the Veteran with a normal clinical evaluation and without a diagnosis of GERD. See April 2007 STR-Medical -Photocopy, p. 5. Furthermore, the Veteran stated in his November 1992 Report of Medical History “present health is good and I am not using medication.” Id at 8. Although the Veteran was mobilized for active duty in December 2001 and reported a history of reflux with medication two months later, there is insufficient evidence that the disorder first manifested or was caused by any aspect of Reserve training from 1969 to 2001 or that the disorder manifested during or was aggravated by any aspect of service from December 2001 to February 2002 or thereafter until released from active duty in 2003 and retirement in 2006. 

While the Board acknowledges the record that showed that the Veteran was treated for GERD on active duty, the record does not show and he has not provided lay or medical evidence of onset, cause, or aggravation on active duty or any Reserve training duty. See Woehlaert v. Nicholson, 21 Vet. App. 456, 462 (2007); see also 38 C.F.R. § 3.159 (a)(2). In the absence of competent and probative evidence of an in-service incurrence or aggravation of a disease or injury service connection must be denied. 

Because the preponderance of the evidence is against the claim, the benefit of the doubt doctrine is not for application. See 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

J.W. FRANCIS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Abels, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.