﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/21 Archive Date: 02/26/21

DOCKET NO. 201020-113953
DATE: February 26, 2021

ORDER

Entitlement to service connection for chronic gastritis, to include as secondary to service-connected disabilities or their medications, is denied.

FINDING OF FACT

The most probative evidence of record weighs against a conclusion that the Veteran’s gastritis is etiologically related to his active duty service or to any service-connected disability. 

CONCLUSION OF LAW

The criteria for service connection for chronic gastritis have not been met. 38 U.S.C. §§ 1110, 1131, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from December 1965 to September 1967. 

This matter comes before the Board of Veterans’ Appeals (Board) as the result of an October 2020 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in San Juan, Puerto Rico. 

The Veteran submitted a VA Form 10182 in October 2020 and selected the Direct Review docket, indicating that he did not want a Board hearing. Included with his October 2020 appeal was the issue of entitlement to a total disability rating based on individual unemployability (TDIU). See April 2020 VA Form 10182, Notice of Disagreement. The issue of a TDIU was addressed in a separate Board decision and is no longer for appeal. See December 2020 Board decision.

The matter is now before the Board to address the issue of chronic gastritis.

This case has been advanced on the docket pursuant to 38 U.S.C. § 7107(b) and 38 C.F.R. § 20.902(c). 

1. Service connection for chronic gastritis as secondary to service-connected disabilities.

The Veteran contends that his chronic gastritis is the result of his “medication intake.” See March 2020 VA Form 21-526EZ, Application for Disability Compensation. 

In adjudicating the claim of entitlement to service connection for chronic gastritis, the Board may consider evidence associated with the record on October 2, 2020, the date the VA Rating Decision on appeal was issued by the RO.

Duty to Notify and Assist

Neither the Veteran nor his representative has raised any issues with the duty to notify or duty to assist. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (holding that “the Board’s obligation to read filings in a liberal manner does not require the Board...to search the record and address procedural arguments when the veteran fails to raise them before the Board”); Dickens v. McDonald, 814 F.3d 1359, 1361 (Fed. Cir. 2016) (applying Scott to a duty to assist argument).

Service Connection

Generally, to prevail on a claim for service connection on the merits, there must be competent evidence of (1) a current disability, (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury, and (3) medical evidence or other competent evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. See Hickson v. West, 12 Vet. App. 247 (1999); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Service connection may also be established on a secondary basis for a disability which is proximately due to or the result of service-connected disease or injury. See generally 38 C.F.R. § § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) proximately caused by or (b) proximately aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). 

Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); see also Buchanan v. Nicholson, 451 F.3d 1331, 1337 (Fed. Cir. 2006) (“[T]he Board cannot determine that lay evidence lacks credibility merely because it is unaccompanied by contemporaneous medical evidence”).

The Board must determine, on a case by case basis, whether the Veteran’s particular disability is the type of disability for which lay evidence may be competent. Kahana v. Shinseki, 24 Vet. App. 428 (2011). Although the Veteran is competent to provide a diagnosis of an observable condition such as a headache, varicose veins, or tinnitus, the Veteran is not competent to provide evidence as to more complex medical questions, such as the etiology of gastrointestinal pathology. See Woehlaert v. Nicholson, 21 Vet. App. 456 (2007).

An alternative method of establishing the second and third elements of service connection is by establishing continuous symptoms since service. See Barr v. Nicholson, 21 Vet. App. 303, 307 (2007). Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was “noted” during service; (2) evidence of post-service continuity of the same symptoms; and (3) medical or, in certain circumstances, lay evidence of a nexus (causal connection) between the present disability and the post-service symptoms. Savage v. Gober, 10 Vet. App. 488 (1997); 38 C.F.R. § 3.303(b). However, the theory of continuity of symptomatology can only be used in cases involving those medical conditions explicitly recognized as “chronic” under 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

A Veteran is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence on any issue material to the claim. See 38 U.S.C. § 5107 (West 2014); 38 C.F.R. § 3.102 (2016) (providing, in pertinent part, that reasonable doubt will be resolved in favor of the Veteran). When the evidence supports the claim or is in relative equipoise, the claim will be granted. See Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990); see also Wise v. Shinseki, 26 Vet. App. 517, 532 (2014). If the preponderance of the evidence weighs against the claim, it must be denied. See Id.; Alemany v. Brown, 9 Vet. App. 518, 519 (1996).

Analysis

The Veteran has not claimed, nor does the record indicate, in-service complaints, treatment, or a diagnosis for stomach or digestive disorders. VA treatment records dated June 2017 reflect that the Veteran was prescribed “Escitalopram / Lexapro for “depressive and anxiety symptoms.” The record describes, “(The) side effects of medication were discussed with the patient, especially gastric side effects.” See June 2017 VA Psychiatric Attending Addendum Note. The Board notes that the Veteran is not currently service-connected for an acquired psychiatric condition. See December 2020 VA Rating Decision Codesheet.

In October 2017, the Veteran reported to the emergency department with “Abdominal pain.” See October 2017 VA Nursing Triage and Physician Emergency Department Notes. A November 2017 “Review of System” notes, “Gastrointestinal – No anorexia, nausea, vomiting or diarrhea…(no) abdominal pain…(no) blood in stool.” See November 2017 VA Physician Emergency Department Note. At an October 2019 follow up treatment for right hip pain, the Veteran was referred to “gastro, patient agreed.” See October 2019 VA Primary Care Follow Up. 

The Veteran was provided with a VA Stomach and Duodenal Conditions examination in April 2020. The VA examiner reviewed the claim file, including medical records, and considered the statements of the Veteran. Based on the testing performed at the Veteran’s February 2020 VA Gastroenterology Consult, the Veteran was found with Helicobacter pylori (H. pylori) bacteria in his stomach. An upper endoscopy performed at the February 2020 VA Gastroenterology Consult confirmed a diagnosis of chronic gastritis and duodenitis. The Veteran did not complain of nausea, vomiting, hematemesis, melena, weight loss, or abdominal pain. The examiner noted prescriptions for glipizide for diabetes and gabapentin for neuropathies, conditions for which the Veteran is service connected. No signs or symptoms due to any stomach or duodenum conditions were documented. The Veteran reported no incapacitating episodes or functional impact. See April 2020 VA examination report. 

The April 2020 VA examiner opined, “The condition claimed is less likely than not (less than 50% probability) proximately due to or the result of the Veteran’s service-connected condition.” Rationale for his opinion is as follows: “Records show that the Veteran has been prescribed glipizide and gabapentin for service-connected diabetes mellitus and diabetic neuropathies. Medical literature (Micromedex) review fails to show that those medications cause gastritis or duodenitis as an adverse effect. The Veteran was found with H. pylori which is a likely cause of his gastritis and duodenitis. H. pylori is not caused by or aggravated by his service-connected conditions or their treatment. The Veteran also used nabumetone prescribed for non-service-connected back condition which is also known to cause gastritis and duodenitis as an adverse effect and most likely is a contributing factor.” See April 2020 VA examination report. 

 

Conclusion

The April 2020 opinion from the VA examiner is the most probative evidence of record on the question of diagnosis and nexus to service. The opinion was based on an extensive review of all of the evidence, including lay statements from the Veteran, was supported by a detailed rationale, provided data to support any conclusions, and it provided a clear and reasoned analysis, the source of the most probative value in a medical opinion. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). The April 2020 VA examiner’s opinion is consistent with the evidence of record. 

Determining the origins of chronic gastritis is complex, so supporting medical evidence is required, not just mere lay opinion. When considering whether lay evidence is competent, the Board must determine, on a case-by-case basis, whether the Veteran’s particular disability is the type of disability for which lay evidence may be competent. See Kahana v. Shinseki, 24 Vet. App. 428 (2011). See also King v. Shinseki, 700 F.3d 1339, 1345 (Fed. Cir. 2012) (indicating lay evidence must demonstrate some competence and affirming the Court’s conclusion that the Board did not improperly discount the weight of a lay opinion in finding a medical expert’s opinion more probative on the issue of medical causation). 

The VA examiner’s opinion provides compelling evidence against the Veteran’s claim. The Veteran contends that his claimed disability exists and is related to his active service. This opinion is of no probative value, because he lacks the medical expertise needed to diagnose chronic gastritis or to attribute it to active military service. The disability has been identified and found to be unrelated to the service connected disabilities or medications taken for same.

There is no competent, credible evidence to refute the April 2020 VA examiner’s opinion. The weight of the probative evidence of record is against a finding that the Veteran has a diagnosis of chronic gastritis that is causally or etiologically related to any disease, injury, or incident, in-service. Consequently, service connection is not warranted. Further, there is no evidence that the Veteran’s chronic gastritis may be related to medication for any of his service-connected disabilities. As the preponderance of the evidence is against the claim for service connection for chronic gastritis, this claim must be denied.

The Board acknowledges that the Veteran may sincerely believe his current diagnosis of chronic gastritis warrants service connection. However, without the appropriate medical training and expertise, which he has not demonstrated, he is not competent to provide an opinion regarding the etiology of his gastritis. See Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir 2007); see also Jones v. West, 12 Vet. App. 383, 385 (1999) (holding that where the determinative issue is one of medical causation or diagnosis, only those with specialized medical knowledge, training, or experience are competent to provide evidence on the issue).

In reaching this conclusion, the Board has considered the applicability of the benefit-of-the-doubt doctrine; however, in the absence of any competent, credible, and probative evidence relating the Veteran’s current disorder to service, that doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Small, Attorney Advisor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.